**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-11467

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

versus

RICHARD LOWDER,

       Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(3:96-CR-070-2-G)

August 26, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Lowder appeals the sentences imposed as a result of his guilty pleas to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and use of a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. § 843(b). We affirm.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

The government charged Lowder and several codefendants in a superseding indictment with conspiracy to distribute 1,000 kilograms or more of marijuana (count one), possession with intent to distribute and distribution of approximately 600 pounds of marijuana (count two), and use of a communication facility (a telephone) to facilitate a drug trafficking crime (count three). The government also charged the defendants with forfeiting certain assets to the United States pursuant to 21 U.S.C. § 853 (count five).[1]

Lowder pleaded guilty to counts one, two and three, and true to count five. He signed a factual resume in connection with his guilty plea in which he admitted, among other things, to participating in the conspiracy to distribute 1,000 kilograms or more of marijuana as charged in count one of the indictment. He also admitted that he possessed approximately 600 pounds of marijuana with intent to distribute as charged in count two. He confessed that he knowingly and intentionally used a telephone to discuss various matters pertaining to the distribution of marijuana. He also admitted various facts regarding the forfeiture charge.

In the original Presentence Report ("PSR"), the probation officer recommended that the district court hold Lowder accountable

---

[1] Count four of the indictment was a criminal forfeiture count naming only defendant Paul Z. Lowder, Lowder's father.

for 6,622 kilograms of marijuana for sentencing purposes, resulting in a base offense level of 34. The probation officer also recommended a two-level increase for possession of a dangerous weapon pursuant to United States Sentencing Guidelines Manual § 2D1.1(b)(1) (Nov. 1995) [hereinafter USSG], a three-level increase for Lowder's role in the offense pursuant to USSG § 3B1.1(b), no increase for obstruction of justice, and a two-level decrease for acceptance of responsibility pursuant to USSG § 3E1.1(a). After these recommendations, the recommended total offense level was 37.

After receiving objections to the PSR, the probation officer revised his recommendation to include a four-level increase for Lowder's role in the offense pursuant to USSG § 3B1.1(a), a two-level increase for obstruction of justice pursuant to USSG § 3C1.1, and no credit for acceptance of responsibility. After these revised recommendations, the recommended total offense level was 42.

At Lowder's sentencing on counts one, two and three, the district court adopted the probation officer's revised recommendation. The court sentenced Lowder pursuant to a total offense level of 42 and a guidelines imprisonment range of 360 months to life. The court sentenced Lowder to 260 months' imprisonment on count one, 360 concurrent months' imprisonment on count two, and 48 concurrent months on count three. The court also imposed a five-year concurrent term of supervised release on counts one and two and a one-year concurrent term of supervised release on

-3-

count three.  Finally, the court imposed a $150 special assessment. Lowder appeals.

II

Lowder first argues that the district court erred in enhancing his total offense level by two for obstruction of justice pursuant to USSG § 3C1.1.  Lowder contends that he did not commit perjury and that, in any event, the district court did not make the findings necessary for imposition of the two-level enhancement.  A district court's finding that a defendant has obstructed justice under USSG § 3C1.1 is a factual finding we review for clear error. *United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994), *cert. denied*, 514 U.S. 1084, 115 S. Ct. 1798, 131 L. Ed. 2d 725 (1995).

Section 3C1.1 provides for a two-level increase in the defendant's offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense. . . ."  The commentary to § 3C1.1 specifically lists "committing, suborning, or attempting to suborn perjury" as examples of conduct to which the enhancement applies.  USSG § 3C1.1, comment. (n.3(b)).  If a defendant objects to a sentence enhancement resulting from his trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same.  *United States v. Dunnigan*, 507 U.S. 87,

-4-

95, 113 S. Ct. 1111, 1117, 122 L. Ed. 2d 445 (1993).

Here, the district court found that Lowder "was untruthful at the trial of his codefendants where he testified as a witness for them with respect to material matters in this case." The court concluded that Lowder's failure to give truthful testimony on material matters "that were designed to substantially affect the outcome of that trial" warranted a two-level upward adjustment for obstruction of justice. These findings, which mirror the findings approved by the Supreme Court in *Dunnigan*, are sufficient to withstand appeal. *See Dunnigan*, 507 U.S. at 95, 113 S. Ct. at 1117 ("The district court's determination that enhancement is required is sufficient, if . . . the court makes findings of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury."). Lowder's argument that the district court erred by failing to specify those portions of his testimony that the court found to be false is refuted by the district court's adoption of those paragraphs of the PSR addendum that list the specific instances of false testimony. *See United States v. Laury*, 985 F.2d 1293, 1308 n.18 (5th Cir. 1993) ("Because the district court expressly adopted the factual findings in the presentence report, . . . we treat the findings as those of the district court."). Lowder provides no evidence demonstrating that these factual findings are erroneous. Under these circumstances, we find no error in the district court's imposition of a two-level

increase in Lowder's offense level for obstruction of justice.

Lowder next argues that the district court erred in denying him a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b) because his factual resume demonstrates that he accepted responsibility for his actions. He also contends that he pleaded guilty at the "earliest possible time," enabling the government to avoid preparing for trial. The defendant bears the burden of demonstrating that he is entitled to the reduction, and we review the sentencing court's determination with even more deference that the pure "clearly erroneous" standard. *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996), *cert. denied*, __ U.S. __, 117 S. Ct. 1097, 137 L. Ed. 2d 229 (1997). The entry of a guilty plea does not entitle a defendant to a reduction as a matter of right. *Id.*

Conduct which results in an offense-level enhancement under § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" except in "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1, comment. (n.4). Lowder does not argue that this is an exceptional case in which adjustments under both §§ 3C1.1 and 3E1.1 may apply. Rather, he argues that the district court's imposition of an enhancement for obstruction of justice was erroneous and that therefore the court's refusal to reduce his offense level for acceptance of

-6-

responsibility was erroneous also. As we have determined that the district court did not err in enhancing Lowder's sentence for obstruction of justice, we similarly reject Lowder's argument that the district court improperly denied him a reduction for acceptance of responsibility.

Lowder next contends that the district court erred in increasing his total offense level by two levels for possession of a firearm during the commission of a drug trafficking crime pursuant to USSG § 2D1.1(b)(1). He maintains that the temporal and spacial relationship between the weapons and the drug trafficking required by § 2D1.1(b)(1) does not exist. In the alternative, he argues that the district court did not make sufficient findings to justify the firearm enhancement. We review a district court's factfinding, connecting a weapon to a drug-related offense, for clear error. *United States v. Webster*, 960 F.2d 1301, 1310 (5th Cir.), *cert. denied*, 506 U.S. 927, 113 S. Ct. 355, 121 L. Ed. 2d 269 (1992).

Section 2D1.1(b)(1) provides for a two-level increase in a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed." Possession need only be established by a preponderance of the evidence. *Webster*, 960 F.2d at 1310. Once it is established that a firearm was present during the offense, the district court should apply the enhancement unless it is clearly improbable that the weapon was connected with the offense. *Id.*

(citing USSG § 2D1.1, comment. (n.3)).

In concluding that the firearm enhancement was appropriate, the district court observed that weapons had been found with drug paraphernalia. Specifically, the PSR explained that agents discovered a loaded AR 15 assault rifle and a loaded Baretta 9 millimeter handgun along with scales used for weighing marijuana in a closet in Lowder's residence. *See United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993) (explaining that government may satisfy its burden of proving by preponderance of evidence that defendant possessed weapon by showing that weapon was found in same location where drugs or drug paraphernalia were stored or where part of transaction occurred), *cert. denied*, 510 U.S. 1198, 114 S. Ct. 1310, 127 L. Ed. 2d 660 (1994). Lowder's argument that the district court erred by failing to find that Lowder owned the guns or knew that they existed is irrelevant. *See Flucas*, 99 F.3d at 179 (stating that "[n]either the sentencing guidelines nor the case law requires that the Government prove a defendant had knowledge of a weapon's existence" for purposes of application of § 2D1.1(b)(1) weapons enhancement).

Lowder last argues that the district court erred in finding 6,622 kilograms of marijuana attributable to him for sentencing purposes. He asserts that the district court's findings were insufficient because the court made no finding that 6,622 kilograms of marijuana were reasonably foreseeable to him. Lowder claimed in

district court that he should be held responsible for 2,931.81 kilograms of marijuana, a quantity just below the 3,000 kilogram cut-off in the sentencing guidelines for an offense level of 32. We review for clear error a district court's factual findings regarding the quantity of drugs attributable to the defendant for sentencing purposes. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

In determining the relevant facts at sentencing, the district court is not restricted to information that would have been admissible at trial. *Id.* Instead, it may consider any information that has sufficient indicia of reliability to support its probable accuracy. *Id.*

In making its drug quantity finding, the district court observed that "[i]t was rather convenient, maybe even disingenuous that the defendant can remember this far removed from the events in question exactly how much marijuana was involved so that it conveniently comes out just under the break point for the guideline section that was used . . . ." After hearing detailed testimony from DEA Special Agent Doug Trammel on the quantity of marijuana attributable to Lowder for sentencing purposes,[2] the district court

---

[2] Special Agent Trammel testified that through discussions with Lowder's codefendants, he determined that Lowder transported and distributed approximately 1,800 pounds of marijuana in 1994. He also testified that through conversations with the same codefendants, he determined that Lowder transported and distributed approximately 11,000 pounds of marijuana from February through December 1995. These figures resulted in an aggregate marijuana

permissibly decided to resolve the credibility choice between the government's version and Lowder's version in favor of the government. *See United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995) (stating that "[f]aced with conflicting reports of the amount of drugs involved, the district court was free to make a credibility choice," and finding no error in district court's decision to credit agent's testimony regarding drug quantity).

AFFIRMED.

---

quantity of approximately 12,800 pounds, or a little over 6,000 kilograms, of marijuana.