**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 93-8043

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN DAVID RADZIERCZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

(November 12, 1993)

Before SNEED[*], REYNALDO G. GARZA, and JOLLY, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This case turns on the construction of section 4A1.2(e)(1) of the Federal Sentencing Guidelines. Defendant-appellant John David Radziercz escaped from prison while serving an eight year sentence for bank robbery. Upon recapture eighteen years later, appellant was in possession of three firearms. During sentencing for this offense, the prior bank robbery conviction was included in determining the base offense level and the criminal history index.

---

[*] Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appellant's primary assignment of error on appeal is that the prior conviction is stale and cannot be considered by the court in sentencing according to the Guidelines.  We find no error and affirm the district court's application of the Guidelines.

## I.  *Background*

On October 8, 1974, John David Radziercz escaped from prison where he was serving an eight year sentence for bank robbery.  When he was recaptured eighteen years later, a search of his residence produced three weapons inside a gun rack:  a Sturm, Ruger Police Service Six .38 caliber revolver, a Lakefield .22 caliber rifle, and a Baikal model IJ-18 12 gauge shotgun.  On October 8, 1992, Radziercz was charged with illegally possessing a firearm after having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The case was resolved pursuant to a plea bargain agreement and there were no disputed facts at sentencing.[1]  The district court applied the Sentencing Guidelines because the offense occurred after November 1, 1987.  See 28 U.S.C. § 994(a); United States Sentencing Commission, Guidelines Manual, (Nov. 1993) [hereinafter "U.S.S.G."].

A probation officer prepared the Pre-Sentence Investigation Report (PSI) prior to sentencing.  In that report, the officer counted the 1973 bank robbery conviction against Radziercz for the purposes of establishing the base offense level and the criminal

---

[1]  Mr. Radziercz plead guilty in exchange for the Government dropping the charge for the escape.  The Government also agreed that the weapons he possessed were for a lawful purpose, thereby lessening the severity of the offense.

history category. The district court received the probation officer's sentence calculations indicating a range of 33 to 41 months imprisonment based on an offense level of 18 and a criminal history category of III. Pursuant to Radziercz's motion, the district court departed from the Guidelines, and imposed a sentence of 24 months imprisonment to run consecutive to his bank robbery sentence. Defendant timely appealed his sentence.

## II. *Discussion*

Appellant Radziercz's primary challenge on appeal is that the district court erroneously included his prior felony conviction for bank robbery in determining his offense level and criminal history category. He contests two aspects of his sentence on the same basis: because the bank robbery conviction was time-barred under U.S.S.G. § 4A1.2(e)(1), the district court (1) incorrectly calculated his base offense level pursuant to section 2K2.1(a)(4)(A),[2] and (2) erroneously determined the criminal history index by assigning three criminal history points instead of two pursuant to 4A1.1(a).[3] He relies on U.S.S.G. § 4A1.2(e)(1) which imposes a time limit on sentences of imprisonment that may be included in this calculation, providing as follows:

---

[2] U.S.S.G. § 2K2.1(a)(4)(A) provides a base offense level of 20 where the defendant had "one prior felony conviction of either a crime of violence or a controlled substance offense; . . . ." Commentary, Application Note 5 of section 2K2.1 requires that we "count any such prior conviction that receives any points under section 4A1.1 (Criminal History Category)."

[3] U.S.S.G. § 4A1.1(a) directs the court to "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month."

Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.[4]

Radziercz contends that the second sentence of 4A1.2(e)(1) authorizes the consideration of the prior bank robbery conviction only if he were actually incarcerated within the fifteen-year period prior to the instant offense. Since appellant escaped, he was not actually incarcerated during such fifteen-year period. Appellant argues that since he was neither incarcerated for the prior offense, nor was the prior sentence imposed for that offense within the fifteen-year period, the district court erred in counting that sentence against him in computing both the criminal history index and the base offense level.

This case presents a very concise legal question about the effect of an escape on the meaning of Sentencing Guideline section 4A1.2(e)(1). This Court must decide whether a defendant is considered to be incarcerated for purposes of the Sentencing Guidelines once he has escaped from prison.

Under the Sentencing Reform Act of 1984, as amended 28 U.S.C. §§ 991-998, the United States Sentencing Commission has promulgated Guidelines that establish sentencing ranges for different

---

[4] Since both parties agree that the sentence of imprisonment was not imposed within fifteen years of the defendant's commencement of the instant offense, the sole issue for our consideration is whether the second sentence of 4A1.2(e)(1) authorized the trial court to count the prior conviction.

categories of federal offenses and defendants.  Williams v. United States, ___U.S.___, ___, 112 S.Ct 1112, 1117 (1992).   The Act provides for limited appellate review of the sentences, requiring remand for resentencing if a trial court (1) imposes a sentence in violation of law or as a result of an incorrect application of the Guidelines,  or  (2)  unreasonably  departs  from  the  applicable guideline range.  Id.

A trial court's legal interpretation of sentencing guidelines are reviewed de novo.  United States v. Lara-Velasquez, 919 F.2d 946, 953 (5th Cir. 1990); United States v. Suarez, 911 F.2d 1016, 1018 (5th Cir. 1990); United States v. Otero, 868 F.2d 1412, 1414 (5th Cir. 1989).  Although Guideline commentary is not binding in all instances, it is controlling when it functions to interpret a guideline or explain how it is to be applied.  Stinson v. United States, ___ U.S. ___, ___, 113 S.Ct. 1913, 1917-18 (1993).

This issue can be easily disposed of by a simple reading of the applicable Guideline and accompanying commentary.  In defining a "sentence of imprisonment," Application Note 2 provides that "the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time)."  U.S.S.G. § 4A1.2, comment. (n.2).  To have meaning, this commentary must be read in the context of the Guidelines, which in the  case  of  section  4A1.2(e)(1)  means  within  the  applicable fifteen-year period.  Thus, the commentary should be construed to read "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence

5

<u>during the fifteen-year period</u> (or, if the defendant escaped, would have served <u>during the fifteen-year period</u>)." Under the obvious construction of the Guideline and its commentary, appellant's conviction falls squarely within the definition of a "sentence of imprisonment."

Although Radziercz was not actually incarcerated during the fifteen years prior to the instant offense, his eight-year term of imprisonment would have extended into the fifteen-year period had he not escaped. Therefore, under the applicable Guideline and commentary, Radziercz <u>would have</u> been in custody during the fifteen-year period preceding commencement of the instant offense had he not escaped from custody while serving the eight year sentence. The commentary further states that criminal history points are based on the sentence pronounced, not the length of time actually served. U.S.S.G. § 4A1.2, comment. (n.2). The Guidelines should not be misconstrued to reward a convict for aberrant behavior.

Appellant's speculation that he most likely would have been paroled from his eight-year sentence prior to June 18, 1977 will be accorded no weight, since he was the one who created the situation making this determination impossible.

### III. *Conclusion*

The district court's treatment of the 1973 conviction as a "prior sentence" was proper under applicable Guidelines. The Guidelines are not subject to piecemeal interpretation to suit the particular needs of the user. The sentence was not imposed in

6

violation of law or as a result of an incorrect application of the Guidelines.  Therefore, we hold that a defendant who has escaped is to be considered "incarcerated" for purposes of determining the applicable time period under U.S.S.G. § 4A1.2(e)(1).  The district court properly included Radziercz's 1972 conviction as a prior felony conviction in applying the Guideline provisions.  For the foregoing reasons, the district court's decision is

AFFIRMED.