**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

————————————

**No. 95-31152**
**Summary Calendar**

————————————

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**IVORY GARNER WILSON, also known as Boo Boo Wilson,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Middle District of Louisiana**

January 28, 1997

Before JONES, DeMOSS, AND PARKER, Circuit Judges.

PER CURIAM:

Ivory Garner Wilson pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, and using and carrying a firearm in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1) and 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to imprisonment for 180 months, to be followed by five years' supervised release. Wilson appeals complaining (1) that there was an inadequate factual basis to support his guilty plea, (2) that the district court erred in not sentencing him under § 5C1.2, the "safety valve" provision of the sentencing guidelines, and (3) that the guidelines' heightened penalty provisions violate his right to equal protection. Because we find that the district court erred in concluding that Wilson was ineligible for the benefits of § 5C1.2, we vacate his sentence and remand for resentencing.

## DISCUSSION

### A.

Wilson first argues that there was not an adequate factual basis to support his guilty plea. He contends that the Supreme Court's decision in *Bailey v. United States*, ___ U.S. ___, 116 S.Ct. 501 (1995), renders the factual basis of his plea inadequate because his conviction was based upon the conduct of his co-conspirators.[1]

Wilson's reliance on *Bailey* is misplaced. Wilson concedes that his co-conspirator Ernest Robertson, Jr. carried the firearm in violation of § 924(c). It is well-settled that a party to a conspiracy may be held liable for the substantive offenses of a co-conspirator as long as the acts were reasonably foreseeable and done in furtherance of the conspiracy regardless of whether he had knowledge of or participated in the substantive acts. *See Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946); *see also United States v. Jensen,* 41 F.3d 946, 955-56 (5th Cir. 1994), *cert. denied,* ___ U.S. ___, 115 S.Ct. 1835 (1995). This court has recently held that, even after *Bailey,* a co-conspirator may be held responsible under § 924(c) for the acts that another member of the conspiracy took in pursuit of their unlawful scheme. *See United States v. Fike,* 82 F.3d 1315, 1328 (5th Cir.) (citing *Pinkerton,* 328 U.S. at 645-48), *cert. denied,* ___ U.S. ___, 117 S.Ct. 241 (1996).

Wilson further argues that there is no evidence in the record to support a finding that he knew or could reasonably have foreseen that Robertson would carry a firearm. This court has observed repeatedly that firearms are the tools of the trade of those engaged in illegal drug activity. *See United States v. Dean,* 59 F.3d 1479, 1490 n.20 (5th Cir. 1995), *cert. denied,* ___ U.S. ___, 116 S.Ct. 748 (1996). Although there is no presumption that the presence of a weapon in a drug transaction is always foreseeable, the court has recognized the connection between foreseeability and the amount of drugs involved in a transaction. *See id.*

---

[1] *Bailey* held that a conviction for "use" of a firearm under § 924(c)(1) requires a showing of active employment of the firearm. *Bailey, supra* at 506.

In *Dean* this court found that a jury could have concluded that it was foreseeable to the defendants that an individual involved in their drug transaction would be carrying a firearm because they "were involved in a $5,000 transaction." *See id.* In this case, Wilson was involved in a $22,000 transaction involving 950 grams of cocaine base. It was reasonably foreseeable that a member of the conspiracy would be carrying a firearm.

Accordingly, as a co-conspirator, Wilson can be held criminally liable for the actions that Robertson took in pursuance of their unlawful scheme. *See Fike,* 82 F.3d at 1328. Wilson's argument that there was no factual basis to support his guilty plea fails.

**B.**

Wilson next argues that he should have been sentenced under the "safety valve" provision of 18 U.S.C. § 3553(f) which is set forth in § 5C1.2 of the sentencing guidelines. Pursuant to § 5C1.2, a defendant "shall" be sentenced in accordance with the applicable guidelines range, without regard to any statutory minimum sentence, if the court finds that:

(1)     the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2)     the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)     the offense did not result in death or serious bodily injury to any person;

(4)     the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . ; and

(5)     not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

*United States v. Edwards,* 65 F.3d 430, 433 (5th Cir. 1995); U.S.S.G. § 5C1.2. The district court ruled that because of the use of a firearm in the conspiracy, Wilson was ineligible to benefit from § 5C1.2. *See* U.S.S.G. § 5C1.2(2). Wilson contends that the district court erred in concluding that the

safety valve provision was unavailable to him because it was his co-conspirator, not he, who possessed a firearm. Wilson argues that in order to be precluded from the benefit of § 5C1.2, *he* must have actually possessed a firearm during the conspiracy. We agree.

A sentencing court's finding of facts pertaining to a § 5C1.2 reduction is a factual finding, which this court reviews for clear error. *See United States v. Flanagan,* 80 F.3d 143, 145 (5th Cir. 1996). This court reviews the district court's legal interpretation of § 5C1.2 *de novo. See id.* In interpreting a guideline, the commentary to the guideline is controlling when it functions to interpret or explain how the guideline is to be applied. *See United States v. Radziercz,* 7 F.3d 1193, 1195 (5th Cir. 1993) (citing *Stinson v. United States,* ___ U.S.___, ___, 113 S.Ct. 1913, 1917-18 (1993)), *cert. denied,* ___ U.S. ___, 114 S.Ct. 1575 (1994). The commentary to § 5C1.2(2) provides that "[c]onsistent with [U.S.S.G.] § 1B1.3 (Relevant Conduct)," the use of the term "defendant" in § 5C1.2(2) "limits the accountability of the defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." *See* U.S.S.G. § 5C1.2, comment. (n.4). This language mirrors § 1B1.3(a)(1)(A). Of import is the fact that this language omits the text of § 1B1.3(a)(1)(B) which provides that "relevant conduct" encompasses acts and omissions undertaken in a "jointly undertaken criminal activity," *e.g.* a conspiracy.

Being bound by this commentary, we conclude that in determining a defendant's eligibility for the safety valve, § 5C1.2(2) allows for consideration of only the defendant's conduct, not the conduct of his co-conspirators. As it was Wilson's co-conspirator, and not Wilson himself, who possessed the gun in the conspiracy, the district court erred in concluding that Wilson was ineligible to receive the benefit of § 5C1.2. Because application of § 5C1.2 is mandatory, *see* U.S.S.G. § 5C1.2 (providing that the court "shall" impose a sentencing without regard to the statutory minimum sentence if the defendant satisfies the provision's criteria), we vacate Wilson's sentence and remand for resentencing.

## C.

4

Wilson also argues that the sentencing guideline's heightened penalty provisions for cocaine base, as compared to cocaine powder, violate his right to equal protection. This court has previously rejected equal protection, Eighth Amendment, and due process challenges to the disparate sentencing provisions for cocaine base contained in the sentencing guidelines. *See Fike*, 82 F.3d at 1326. This argument is without merit.

## CONCLUSION

For the foregoing reasons, the sentence is VACATED and the case is REMANDED for resentencing.