**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40340

(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS LEON RUIZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. B-96-CR-320-1

December 16, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Carlos Leon Ruiz appeals his sentence following a guilty-plea conviction for possession with intent to distribute a quantity exceeding 100 kilograms of marihuana. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); 18 U.S.C. § 2. Ruiz argues that the sentencing court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred by failing to reduce his sentence for minor participation under U.S.S.G. § 3B1.2 and by failing to apply the "safety valve" provisions of § 5C1.2. A court's refusal to apply § 5C1.2 or § 3B1.2 is a factual finding that we review for clear error. *See United States v. Torres*, 114 F.3d 520, 527 (5th Cir. 1997) (§ 5C1.2); *United States v. Lokey*, 945 F.2d 825, 840 (5th Cir. 1991) (§ 3B1.2).

We have reviewed the record and the briefs of the parties and hold that the district court did not clearly err in finding that Ruiz was not a minor participant in the drug offense. *See United States v. Brown*, 54 F.3d 234 (5th Cir. 1995) (holding that "minor participant" reduction only available when defendant is "substantially less culpable" than the average participant). In addition, the sentencing court did not err in determining that the "safety valve" provisions of § 5C1.2 did not apply because Ruiz possessed a firearm in connection with the offense. *See* U.S.S.G. § 5C1.2(2). Although a coconspirator's possession of a weapon will not affect a defendant's eligibility for a § 5C1.2 reduction, the "safety valve" will not apply if the defendant possessed the weapon himself. *See* U.S.S.G. § 5C1.2, comment. (n.4); *United States v. Wilson*, 105 F.3d 219, 222 (5th Cir. 1997). Based on the testimony of Ruiz's codefendant as well as Ruiz's own testimony, the district court found that Ruiz had physical contact with the weapons and knew their location and obvious purpose. These findings are not

clearly erroneous.

AFFIRMED.