IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20042
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EARL WILLIAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-327-1
--------------------
December 7, 2000

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James Earl Williams appeals his conviction and sentence for possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) & (b)(1)(A). Williams first argues that the district court should have granted his motion to quash the indictment because the file date stamped on the indictment reflects that it was filed three days prior to the grand jury proceedings. Because Williams failed to object to the allegedly defective indictment prior to trial, the district court was within its discretion in denying the motion to quash. See

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fed. R. Crim. P. 12(b)(2); United States v. Wylie, 919 F.2d 969, 972 (5th Cir. 1990).  Moreover, given the record before the district court, Williams cannot show that denial of the motion on its merits was an abuse of discretion.

Williams next argues that the district court erred by denying his motion to suppress evidence seized on the date of his arrest.  We reject the Government's contention that Williams lacks standing to challenge the search of his car because the Government failed to raise this argument before the district court.  See United States v. Gonzales, 79 F.3d 413, 419 (5th Cir. 1996).  We review the district court's ruling on the motion to suppress for clear error.  Id.

The district court did not clearly err by determining that the initial stop of the vehicle was supported by probable cause because the stop was made after Williams committed a traffic violation.  See United States v. Lopez-Valdez, 178 F.3d 282, 288 (5th Cir. 1999).  We also find no clear error in the denial of the motion to suppress with regard to the subsequent search of the car.  Williams does not challenge the court's finding that probable cause for the search was established by the alert of the drug dog.  Accordingly, Williams has waived any challenge to the court's primary basis for denying the motion to suppress.  See United States v. Fagan, 821 F.2d 1002, 1015 n.10 (5th Cir. 1987) (arguments not briefed are deemed waived).

With regard to Williams's sentencing, Williams failed to challenge the obstruction-of-justice assessment based on the alleged immateriality of his perjured testimony.  Accordingly,

review is for plain error. See United States v. Olano, 507 U.S. 725, 732-35 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). Given that the district court stated that it would have assessed Williams the same sentence even without the obstruction enhancement, we find no plain error. We further find no plain error with regard to Williams's assertion that the obstruction allegation should have been part of the indictment. Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), is applicable only where the sentence exceeds the statutory maximum, not to cases in which the sentence is enhanced within the statutory range. United States v. Meshack, 225 F.3d 556, 576-77 (5th Cir. 2000). Williams's 292-month sentence did not exceed the statutory maximum sentence of life imprisonment for the offense. See 21 U.S.C. § 841(b)(1)(A)(iii).

We reject Williams's challenge to the constitutionality of the Sentencing Guidelines. See United States v. Wilson, 105 F.3d 219, 222 (5th Cir. 1997); United States v. White, 869 F.2d 822, 825 (5th Cir. 1989). Finally, we reject Williams's assertion that the district court was required to release custody of the contraband to him for testing outside the presence of Government agents. See United States v. Kimbrough, 69 F.3d 723, 730-31 (5th Cir. 1995). The judgment of the district court is AFFIRMED.

AFFIRMED.