IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10154
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARDOLA WHITAKER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:00-CR-178-1-A)
--------------------
July 30, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kardola Whitaker appeals her sentence, which was imposed following her guilty-plea conviction for using a communication facility to facilitate a drug transaction. She argues that the district court clearly erred when it increased her offense level by two for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1). Her possession was based on the finding of a firearm underneath the driver's seat in a car belonging to one Leroy Doucette in the location where the drug transaction took place. Whitaker was in the passenger's seat at the time.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review for clear error the district court's determination that a gun was possessed during a drug offense warranting a two level increase under U.S.S.G. § 2D1.1(b)(1). See United States v. Chavez, 119 F.3d 342, 348 (5th Cir. 1997). Whitaker does not dispute that she was sitting in the passenger seat of Doucette's car during a drug transaction, that a gun was underneath Doucette's seat, and that the transaction involved $4,200 worth of crack cocaine. The district court's determination that Doucette's possession of a firearm was reasonably foreseeable to Whitaker was not clear error. See Chavez, 119 F.3d at 348; United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997); United States v. Wilson, 105 F.3d 219, 221 (5th Cir. 1997). As Whitaker received a two-level reduction under § 201.1(b)(6), the "safety-valve" reduction, her argument regarding that issue is moot, and therefore, without merit.

Whitaker's sentence is

AFFIRMED.