**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 00-21141
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**FELICIA ARMSTEAD,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(H-00-CR-257-2)**

---

October 23, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Felicia Armstead appeals her convictions for conspiracy to distribute cocaine base (crack) and cocaine powder and for possession with the intent to distribute more than 50 grams of crack. *See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(a), (b)(1), 846.

Armstead challenges the sufficiency of the evidence on the substantive, but not the conspiracy, count. She contends that the evidence fails to show that she possessed with the intent to distribute crack or that she aided and abetted codefendant Guy Williams' possession of the crack. Thus, criminal liability can

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ensue only through coconspirator liability. *See* **Pinkerton v. United States**, 328 U.S. 640, 647-48 (1946); **United States v. Wilson**, 105 F.3d 219, 221 (5th Cir.)("a party to a conspiracy may be held liable for the substantive offenses of a co-conspirator as long as the acts were reasonably foreseeable and done in furtherance of the conspiracy regardless of whether he had knowledge of or participated in the substantive acts"), *cert. denied*, 522 U.S. 847 (1997). Armstead asserts that such liability is not supported by the evidence because the evidence fails to demonstrate that the large amount of cocaine and the manufacturing of crack by Williams were reasonably foreseeable to her.

In reviewing the sufficiency of the evidence, we must determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt". **United States v. Pineda-Ortuno**, 952 F.2d 98, 102 (5th Cir.), *cert. denied*, 504 U.S. 928 (1992). The evidence is viewed "most favorably to the government, drawing all reasonable inferences and credibility choices in favor of supporting the jury's verdict". **Id.**

Officer Seymour testified that Williams had been known as a drug trafficker since 1992; and Officer Seymour knew Armstead to have frequented 209 4th Street, a crack house, for approximately eight to nine years. Armstead testified that she had known Williams, her boyfriend, for six to seven years. The audio and visual recordings revealed Armstead was involved in the drug trafficking activity coming from 209 4th Street. Armstead was at the residence on the night in question. The police seized items from the kitchen of the vacant residence, items which are known to

2

be used in manufacturing crack. Based on this evidence, and drawing all reasonable inferences and credibility choices in favor of the verdict, a reasonable jury could have found beyond a reasonable doubt that Williams' possession of crack at 209 4th Street was reasonably foreseeable to Armstead. Accordingly, the evidence was sufficient to convict Armstead of the substantive count.

Concerning her conspiracy conviction, Armstead contends that the district court's charge failed to instruct the jury properly on the drug conspiracy as alleged in the indictment, which included an allegation of an overt act related to Armstead. She asserts that the district court's rejection of her proposed instruction, and thus, the district court's failure to instruct the jury concerning the alleged overt act, amounted to an impermissible constructive amendment of the indictment. Armstead concedes that her position is unsupported by authority.

We review for an abuse of discretion the rejection of a requested jury instruction. *United States v. Morrow*, 177 F.3d 272, 292 (5th Cir.), *cert. denied*, 528 U.S. 932 (1999). It is reversible error to reject an instruction "only if the requested jury instruction '(1) was a substantially correct statement of the law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial, the omission of which seriously impaired the defendant's ability to present an effective defense'". *Id.* (quoting *United States v. Asibor*, 109 F.3d 1023, 1034 (5th Cir.), *cert. denied*, 522 U.S. 902 (1997)). It is "'reversible error per se if there has been a modification at

3

trial of the elements of the crime charged'". ***United States v. Nuñez***, 180 F.3d 227, 230-31 (5th Cir. 1999)(quoting ***United States v. Salinas***, 601 F.2d 1279, 1290 (5th Cir. 1979)).

"[A] jury instruction as to an overt act need not be given for an indictment charging conspiracy to violate the Drug Control Act, 21 U.S.C. §§ 841 and 846". ***United States v. Brown***, 692 F.2d 345, 348 (5th Cir. 1982). Thus, the indictment was not constructively amended by the lack of an instruction covering overt acts of the cocaine conspiracy. Therefore, the rejection of Armstead's proposed instruction was not an abuse of discretion.

***AFFIRMED***