IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41430
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RICHARD LAWRENCE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-203-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

    Richard Lawrence appeals his sentence, which was imposed

following his guilty-plea conviction for conspiracy to possess

with intent to distribute marijuana.  He argues that the district

court erred by increasing his offense level by two for possession

of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1),

because the Government failed to show a temporal and spatial

relationship between the weapon, the drug activity, and him, or

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that it was reasonably foreseeable that his codefendant possessed firearms.

We review for clear error the district court's determination that a gun was possessed during a drug offense warranting a two-level increase under U.S.S.G. § 2D1.1(b)(1).  See United States v. Chavez, 119 F.3d 342, 348 (5th Cir. 1997).  The firearms in question were discovered after police stopped Lawrence and his mother, codefendant Marion Kay Lawrence, and received consent to search the van in which they were driving.  Police found 66.9 kilograms of marijuana hidden in the van and two loaded firearms and $3,952 in Marion Lawrence's purse.  We conclude that it was not clear error for the district court to apply the enhancement for possession of a firearm.  See United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997); United States v. Wilson, 105 F.3d 219, 221 (5th Cir. 1997).

AFFIRMED.