## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 02-20448
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-904-4
--------------------
January 29, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hector Rodriguez appeals from his 60-month sentence following his guilty plea to aiding and abetting the possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He argues that the district court clearly erred in determining that the safety valve provision of U.S.S.G. § 5C1.2 did not apply.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When Rodriguez was arrested, he was seated in the rear passenger seat of a van with a loaded semiautomatic pistol resting in plain view within his reach on top of a bag of marijuana in the seat next to him.  Relying on United States v. Wilson, 105 F.3d 219, 222 (5th Cir. 1997), Rodriguez contends that the safety valve provision was applicable because he did not actually possess the weapon and he may not be held responsible for the conduct of his co-defendants, who were also seated in the van.  Rodriguez's reliance on Wilson is misplaced because the record shows at least that he had joint and constructive possession of the firearm, and we conclude that Rodriguez has not shown that the district court's decision not to apply the safety valve was clearly erroneous.  See Wilson, 105 F.3d at 222; see also United States v. McKnight, 953 F.2d 898, 902 (5th Cir. 1992) (firearms found in plain view supported conclusion that defendant had constructive possession); United States v. Vasquez, 161 F.3d 909, 910, 913 (5th Cir. 1998).

**AFFIRMED.**