United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-20831
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC ALEJANDRO AJURIA,

Defendant-

Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-907-2
-----------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eric Alejandro Ajuria (Ajuria) appeals his sentence, which was imposed following his guilty-plea convictions for conspiring to possess and aiding and abetting possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. He argues that the district court erred by increasing his offense level by two for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1) because, when the offenses

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

occurred, he had no criminal history or prior experience in drug trafficking and, thus, he could not have foreseen his codefendant's use or possession of a firearm.

We review for clear error the district court's determination that a gun was possessed during a drug offense warranting a two-level increase under U.S.S.G. § 2D1.1(b)(1). See United States v. Chavez, 119 F.3d 342, 348 (5th Cir. 1997). Undercover officers observed Ajuria on October 30, 2001, in connection with a drug transaction. On November 9, 2001, Ajuria and his coconspirators were jointly engaged in selling a large quantity of drugs from Ajuria's vehicle. Officers recovered a firearm from the floorboard where one of the coconspirators was sitting in Ajuria's vehicle. We conclude that it was not clear error for the district court to apply the enhancement for possession of a firearm. See United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997); United States v. Wilson, 105 F.3d 219, 221 (5th Cir. 1997).

AFFIRMED.