United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40149
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-69-2
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Miguel Angel Mendez appeals his sentence following his
guilty plea conviction for importing 12 kilograms of cocaine into
the United States from Mexico, in violation of 21 U.S.C.
§§ 952(a), 960(a)(1), 960(b)(1) and 18 U.S.C. § 2. Mendez
argues that district court committed error when it sentenced him
without applying the two-level reduction of U.S.S.G.
§ 2D1.1(b)(7), Supp. to the 2000 Guidelines Manual (May 2001),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

due to Mendez's failure to meet the safety-valve criteria of 18 U.S.C. § 3553(f), as set forth in U.S.S.G. § 5C1.2.

If a defendant with an offense level above 26, such as Mendez, meets the criteria of U.S.S.G. § 5C1.2, a two-level offense level decrease is warranted pursuant to U.S.S.G. § 2D1.1(b)(7). "A sentencing court's findings of fact pertaining to a [U.S.S.G.] § 5C1.2 reduction is a factual finding, which this court reviews for clear error." United States v. Wilson, 105 F.3d 219, 222 (5th Cir. 1997).

Sentencing Guidelines § 5C1.2(1) requires a finding that "the defendant does not have more than one criminal history point, as determined under the sentencing guidelines." Mendez does not satisfy this criterion, since Mendez was assigned three criminal history points. Additionally, application of U.S.S.G. § 5C1.2 requires a finding that "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines. . ." U.S.S.G. § 5C1.2(4). The district court specifically determined that pursuant to U.S.S.G. § 3B1.1(b), Mendez was a manager or supervisor of criminal activity, and the record supports this determination. Therefore, Mendez fails to meet the criterion set forth in U.S.S.G. § 5C1.2(4). Finally, application of U.S.S.G. § 5C1.2 requires a finding that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has

concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. . ." U.S.S.G. § 5C1.2(5). Although Mendez argues that he was truthful in his debriefings with the Government, the record refutes this argument.

Based on the foregoing, Mendez fails to meet three of the five criteria set forth in U.S.S.G. § 5C1.2. Therefore, the district court did not err when it sentenced Mendez without the benefit of the two-level decrease set forth in U.S.S.G. § 2D1.1(b)(7).

The district court's judgment is therefore AFFIRMED.