IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40828
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON LAMOAN NICKERSON; RUBEN CURTIS WILLIS;
a/k/a Donnie Willis; SYLVESTER WILLIAM BROWN, JR.;
JEFFREY WAYNE CROSS; BRIAN KEITH DAVISON; CECIL
LAMAR DOUGLAS, JR.; WELBY SAMUAL PLEASANT, II;
CEDRIC DONELLE JONES; and LILLIAN BRYANT PERRY,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:96-CR-13-5
- - - - - - - - - - -
July 9, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

Sylvester William Brown, Jeffrey Wayne Cross, Brian Keith
Davison, Cecil Lamar Douglas, Byron Lamoan Nickerson, Welby
Samual Pleasant II, Ruben Curtis Willis, and Cedric Donelle Jones
have appealed their convictions for conspiracy to possess with
intent to distribute cocaine base, distribution of cocaine base,
employment of a minor to distribute cocaine base, distribution of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine base within 1,000 feet of a public housing authority, establishment of a drug distribution operation or "crack house", and use of a telephone to facilitate a conspiracy to distribute. Appellants argue that African Americans were excluded from the venire pool in violation of appellants' right to equal protection under the Sixth and Fourteenth Amendments and in violation of the Jury Selection and Service Act. Appellants failed to present any evidence showing that African Americans were systematically excluded from the venire pool. Accordingly, they failed to make a prima facie showing that their right to have a jury drawn from a fair cross section of the community was violated.[1] Appellants have also failed to show that the disparity between the number of eligible African Americans in the community and those selected for the venire was sufficient to establish a prima facie equal-protection claim.[2]

Appellants contend that the trial court violated their confrontation rights in refusing to permit cross-examination of a Government witness on the question of racial bias. "[A] defendant's Sixth Amendment rights do not guarantee cross-examination that is effective in whatever way and to whatever extent, the defense might wish."[3] The appellants were

---

[1]    *United States v. McKinney*, 53 F.3d 664, 671 (5th Cir. 1995).

[2]    See *Id.*

[3]    *United States v. Wallace*, 32 F.3d 921, 926 (5th Cir. 1994) (internal quotation marks omitted).

permitted wide ranging cross-examination of the witness, including examination of his motivation for cooperating with the Government. A trial court may limit the scope of marginally relevant cross-examination.[4] The district court did not abuse its discretion.

Appellants challenge the sufficiency of the evidence underlying their convictions for distributing crack cocaine within 1,000 feet of a housing authority. Appellants contend that the Government failed to prove that they distributed crack cocaine within 1,000 feet of a housing authority. Appellant Davison argues that the evidence of this element was insufficient with respect to him specifically because there was no evidence of the distance between the housing authority and the street, where Davison was alleged to have distributed crack cocaine.

The drug conspiracy at issue in this case was centered around a residence located at 2210 North Duchess, in Sherman, Texas. Investigating officer Gibson testified that the residence abutted, and was within 1,000 feet of, an apartment complex operated by the Sherman Housing Authority. Officer Gibson testified that he "made measurements from the fence line to the front of the garage at 2210, as well as from the fence line to the curb in front of 2210". A diagram of the area is included in Gibson's report. This unrebutted evidence was sufficient to

---

[4] *Id.*

prove the distance element of the 21 U.S.C. § 860 offense beyond a reasonable doubt.[5]

Appellants argue that there was insufficient evidence to support their convictions for conspiracy to distribute crack cocaine. Appellants argue generally that the Government's evidence was insufficient to demonstrate the existence of an agreement to violate the narcotics laws.[6] We have carefully reviewed the briefs and the transcript of the trial. The Government's evidence, although circumstantial, can fairly be characterized as overwhelming. The jury could reasonably have inferred that the defendants would not have been permitted by Brown to deal crack cocaine at his residence unless there had been an agreement among them.

Nickerson challenges the sufficiency of the evidence showing that on December 13, 1995 and on December 19, 1995 he possessed crack cocaine base with intent to distribute, as alleged in counts 21 and 22 of the superseding indictment, respectively. The jury could reasonably have concluded that the December 13, 1995, transaction occurred, was in furtherance of the conspiracy, and was reasonably foreseeable to Nickerson.[7] Although the

_____

[5]    See *United States v. Sparks*, 2 F.3d 574 (5th Cir. 1993).

[6]    See *United States v. Maltos*, 985 F.2d 743, 746 (5th Cir. 1992).

[7]    See *United States v. Wilson*, 105 F.3d 219, 221 (5th Cir. 1997); *United States v. Payne*, 99 F.3d 1273, 1278 (5th Cir. 1996).

evidence with respect to the December 19, 1995 transaction is muddled, a reasonable juror could have resolved the inconsistencies in the evidence in favor of conviction.

AFFIRMED.