United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-40970
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY ANDREW WALKER,

Defendant-

Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CR-19-1
-----------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:*

        Timothy Andrew Walker appeals his conviction for carrying a firearm during and in relation

to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Walker pleaded guilty to this and

several other related counts; however, he argues on appeal that there was an insufficient factual basis

to support his plea on this count. See FED. R. CRIM. P. 11(b)(3). Because Walker did not object to

the sufficiency of the factual basis in the district court, we review for plain error. See United States

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

v. Vonn, 535 U.S. 55, 59 (2002) (applying plain error review to Rule 11 violation); United States v. Marek, 238 F.3d 310, 315 (5th Cir. 2001) (en banc).

Walker's conviction is based on a shotgun seized from a vehicle driven by his co-defendant, Brian Peterson. A defendant may be liable for his co-conspirator's substantive offenses if the acts were reasonably foreseeable and done in furtherance of the conspiracy. United States v. Wilson, 105 F.3d 219, 221 (5th Cir. 1997); see Pinkerton v. United States, 328 U.S. 640, 647-48 (1946). Based upon our review of the record, we conclude that the district court did not plainly err in finding that Peterson's possession of a firearm was both reasonably foreseeable and in furtherance of the conspiracy. See United States v. Schmalzried, 152 F.3d 354, 357 (5th Cir. 1998) (carrying of firearm must be shown to have had "a 'purpose or effect' with respect to the drug offense"); United States v. Ceballos-Torres, 218 F.3d 409, 410-11 (5th Cir.) (discussing factors to consider in determining whether possession of firearm was "in furtherance of" a drug-trafficking offense), amended in part, 226 F.3d 651 (5th Cir. 2000); United States v. Dean, 59 F.3d 1479, 1490 n.20 (5th Cir. 1995) (possession of firearm was reasonably foreseeable based on circumstances of transaction).

AFFIRMED.