United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60691
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST LEDON CURTIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:02-CR-127-B-1
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Earnest Ledon Curtis appeals his guilty-plea conviction and
sentence for knowingly and intentionally possessing with intent
to distribute marijuana in violation of 21 U.S.C. § 841(a) and
(b)(1)(D). He argues that the district court clearly erred in
calculating the amount of marijuana attributable to him for
sentencing purposes; that the district court clearly erred in
enhancing his offense level under United States Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Guidelines § 2D1.1(b)(1) for possession of a firearm; and that the district court erred in not suppressing evidence seized in connection his arrest.

Factual findings made by a sentencing court must be supported by a preponderance of the evidence and are upheld unless clearly erroneous. United States v. McCaskey, 9 F.3d 368, 372 (5th Cir. 1993). The sentencing court's interpretations of the guidelines are reviewed de novo. Id.

The district court did not clearly err in relying on the information in the presentencing report to conclude that the previous drug transactions involving Curtis and Ray Poirier were relevant conduct for sentencing purposes. The information obtained from the probation officer's interview with Drug Enforcement Agent Aldridge and the investigative reports was sufficiently reliable for sentencing purposes. See United States v. Manthei, 913 F.2d 1130, 1137-38 (5th Cir. 1990). Moreover, the information obtained from others involved in the drug transactions were corroborated by the information from the DEA agent and by the circumstances of the controlled sale, which also involved a purchase of marijuana by Curtis from Poirier. See United States v. Rogers, 1 F.3d 341, 344 (5th Cir. 1993). Finally, the offense of conviction and the previous drug transactions all involved Curtis obtaining the same drug, marijuana, from the same supplier, Poirier. Although Curtis argues that the transactions were not in temporal proximity to

the May 2002 offense of conviction, the presentencing report indicated that the deliveries were made on a regular basis from 1996 until sometime in 2001. Even if there was a break of over one year in this case, the other factors are strong enough to weigh in favor of finding that the transactions were part of the same course of conduct. See United States v. Wall, 180 F.3d 641, 646 (5th Cir. 1999); see also U.S.S.G. § 1B1.3(a)(2) and comment. (n.9(A) and (B)).

Curtis argues that the relevant conduct should not have been considered because the uncharged conduct so influenced the sentence that it "becomes a case of the tail wagging the dog." This argument is without merit. See United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000).

Curtis has not shown that it was clearly improbable that the weapons possessed by co-defendant Jeff Ware were connected to the offense. See U.S.S.G. § 2D1.1, comment. (n.3). Curtis and Ware were jointly undertaking to purchase approximately 100 pounds of marijuana for $57,000, and Ware's two loaded guns were in his vehicle on Curtis' property where the drug transaction took place. See United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990); United States v. Wilson, 105 F.3d 219, 221 (5th Cir. 1997); United States v. Paulk, 917 F.2d 879, 882 (5th Cir. 1991); United States v. Pomranz, 43 F.3d 156, 162 (5th Cir. 1995); United States v. Vasquez, 161 F.3d 909, 912-13 (5th Cir. 1998).

Finally, Curtis has waived his right to appeal any issues raised in his motion to suppress, which was never ruled upon because he entered an unconditional plea of guilty to the offense of conviction. <u>See</u> FED. R. CRIM. P. 11(a)(2); <u>United States v. Bell</u>, 966 F.2d 914, 916, 917 (5th Cir. 1992). Accordingly, Curtis' conviction and sentence are AFFIRMED.