# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2011

No. 10-10846
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

J. TRINIDAD GOMEZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-50-5

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

J. Trinidad Gomez, Jr., appeals his 324-month prison sentence on his guilty plea conviction of one count of conspiring to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Gomez maintains that the district court clearly erred when it refused to reduce his offense level by two levels under U.S.S.G. § 2D1.1(b)(11).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10846

We review a district court's factual findings pertaining to sentencing adjustments for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Section 2D1.1(b)(11) allows a defendant in a drug case to receive a two-level reduction if he meets the criteria of U.S.S.G. § 5C1.1(a). *United States v. Matias*, 465 F.3d 169, 171-72 (5th Cir. 2006).

Gomez claims that the district court erred when it determined that he had constructive possession of a firearm in connection with the offense. He suggests that the firearm found by the police in the residence he and his co-conspirators used in their drug-trafficking offense was possessed by someone else, not by him. He faults the Government for not presenting evidence that he in fact possessed the firearm.

Gomez withdrew his objection to the enhancement of his offense level under § 2D1.1(b)(1), and indeed he does not contest the finding that a firearm was possessed as part of the offense. As the party seeking a sentencing adjustment under § 2D1.1(b)(11), Gomez had the burden of proving the facts supporting his entitlement to it. *See United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996). Thus, to satisfy § 5C1.2(a)(2), Gomez had to present evidence preponderating in favor of a finding "that he did not possess a firearm in connection with the drug conspiracy," *United States v. Vasquez*, 161 F.3d 909, 911 (5th Cir. 1998), or, more specifically, that any firearm used in the offense was used by another conspirator and not by him. *Cf. United States v. Wilson*, 105 F.3d 219, 222 (5th Cir. 1997). Gomez presented no such evidence; he merely pointed to what he deemed to be the Government's lack of evidence on an issue on which the Government did not have the burden of proof. Given the unchallenged finding that a firearm was possessed as part of the offense, and given his failure to present any evidence to show that he was not the one who possessed it, Gomez has failed to show that the district court clearly erred in denying him an adjustment under § 2D1.1(b)(11).

AFFIRMED.