# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50980
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES EDISON MYERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-151

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Edison Myers challenges his guilty plea for conspiracy to possess with the intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). According to Myers, the factual basis was insufficient to establish the elements of the offense. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50980

Contrary to Myers's assertions, we review his challenge to the factual basis, raised for the first time on appeal, for plain error. *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). In doing so, we may consider the whole record, including the presentence report. *See United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010).

The factual basis and the presentence report provide that on two occasions, Myers met with a cooperating source and sold him methamphetamine. On the second occasion, Myers and another person drove to another location and met with Adrian Junker, from whom Myers obtained methamphetamine. Myers admitted previously obtaining and distributing methamphetamine from both Junker and Junker's wife. These facts are sufficient to support an inference of an agreement as well as his knowledge of and voluntary participation in the conspiracy. *See United States v. Tenorio*, 360 F.3d 491, 494 (5th Cir. 2004).

As for drug quantity, Myers admitted in the factual basis that the amount attributed to him, 500 grams, was reasonably foreseeable, and he does not argue otherwise here. He contends only that he did not agree to that amount and that reasonable foreseeability is not the proper inquiry. Myers's contentions are without merit. *See United States v. Wilson*, 105 F.3d 219, 221 (5th Cir. 1997); *see also United States v. Franklin*, 148 F.3d 451, 459 n.32 (5th Cir. 1998) (drug conspiracy).

Myers has demonstrated no error, plain or otherwise. Further, Myers offers no argument that any error affected his substantial rights or that this court should exercise its discretion to correct the error. *See Marek*, 238 F.3d at 315.

The judgment of the district court is AFFIRMED.