**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40293
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

MITCHELL LEE FLUCAS

Defendant-Appellant

Appeal from the United States District Court
For the Eastern District of Texas
October 24, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:

Mitchell Lee Flucas appeals his sentence imposed after he pleaded guilty, pursuant to a plea agreement, to possession of cocaine base with intent to distribute. We affirm.

Flucas and co-defendant Perry Wayne Montgomery traveled from Homer, Louisiana to Dallas, Texas, to obtain crack cocaine for resale in Homer. In Dallas, Flucas obtained a box containing 600.7 grams of cocaine base. Flucas and Montgomery were stopped on their way back to Homer for traffic violations. When they gave

conflicting stories concerning the nature of the trip, the officers obtained permission to search the vehicle. Beneath the passenger seat, officers found a .380 caliber pistol with seven rounds of ammunition and the box containing the cocaine base. Flucas and Montgomery were arrested. Flucas admitted to having picked up drugs in Dallas on prior occasions.

Flucas, who is apparently a crack addict, tested positive for drugs twice before his plea. Following his plea, but before sentencing, Flucas failed to report to Pretrial Services on two occasions and failed to report to his drug treatment provider for urinalysis and counseling. Flucas was arrested and his bond revoked.

At sentencing Flucas unsuccessfully objected to the PSR's recommendation that (1) his sentence be adjusted for weapons possession; (2) his sentence not be reduced for acceptance of responsibility; and (3) he not be given a reduction for being a minor participant in the offense. At a separate hearing, the court denied Flucas's motion for reconsideration, supporting its ruling with additional factual findings.

ANALYSIS

We review the district court's application and legal interpretation of the sentencing guidelines de novo, United States v. Domino, 62 F.3d 716, 719 (5th Cir. 1995), and its findings of fact for clear error. United States v. Hooker, 997 F.2d 67, 75 (5th Cir. 1993).

2

THE FIREARM

Flucas argues that it was error to adjust his sentence by two levels for possession of a firearm. The finding that Flucas possessed a weapon is also significant because it disqualified Flucas from being eligible for the "safety valve" provision of U.S.S.G. § 5C1.2, which mandates that the court sentence a defendant without regard to the minimum statutory sentence, if certain criteria are met. Section 5C1.2 prohibits a sentence less than the statutory minimum if the defendant possessed a firearm in the course of committing the offense. U.S.S.G. § 5C1.2(2). The Government admits that, but for the firearm possession, Flucas would be eligible for a less-than-minimum sentence under § 5C1.2.

The sentencing guidelines direct a sentencing court to increase the defendant's sentence by two levels whenever, in a crime involving the manufacture, import, export, trafficking, or possession of drugs, the defendant possessed a dangerous weapon. U.S.S.G. § 2D1.1(b)(1). Application Note 3 to § 2D1.1 explains that this enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. See United States v. Mitchell, 31 F.3d 271, 277 (5th Cir.), cert. denied, 115 S. Ct. 455, 649 (1994); 115 S. Ct. 770, 953 (1995). The Government may satisfy its burden of proving a connection between the weapon and the offense by showing that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred.

3

Id. at 278.

The district court used the correct legal standard of "clear improbability" and applied it to the facts, stating, "...considering the spatial relationship between the gun and the drugs, I don't think it is clearly improbable that the gun was there for the specific purpose of aiding in the defense of the narcotics should someone attempt to take possession from the defendant." Because the gun was found under the same seat as the drugs, this finding is not clearly erroneous.

Flucas argues that he did not know that the gun was in the car, and he supports his contention with the affidavit of co-defendant Perry Montgomery, who stated that the vehicle was his and that the gun had been placed in it by a third person. Montgomery's affidavit also states, however, that Flucas knew about the gun when it was placed in the car, but that he did not know that it remained in the car. Flucas gave the probation department a similar account of his knowledge. The district court made no specific factual finding about whether Flucas knew the gun was present. We infer from the court's ruling -- made after the probation officer explained that the gun and drugs were found approximately eight inches away from each other -- that the court did not find these statements credible and that it believed Flucas knew the gun was there.

Neither the sentencing guidelines nor the case law requires that the Government prove a defendant had knowledge of a weapon's

4

existence. The adjustment <u>must</u> be made when a weapon is found at the scene of the crime <u>unless</u> there is clear improbability that the weapon is connected to the offense. U.S.S.G. § 2D1.1, comment (n. 3); <u>Rodriguez</u>, 62 F.3d at 724-25; <u>United States v. Ortiz-Granados</u>, 12 F.3d 39, 41 n.3 (5th Cir. 1994) (citing cases). The court specifically found such clear improbability did not exist. Although, as Flucas argues, a defendant's lack of knowledge may make it clearly improbable that the weapon is connected to the defendant's conduct, the district court did not find that Flucas lacked knowledge. We see no error.

Flucas argues that <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995) prohibits the two-level adjustment. <u>Bailey</u>, however, dealt with the application of 18 U.S.C. § 924(c)(1), not the sentencing guidelines, and it thus does not control the analysis here. <u>United States v. Castillo</u>, 77 F.3d 1480, 1499 n.34 (5th Cir. 1996), <u>cert. denied</u>, 65 U.S.L.W. 3236 (U.S. Oct. 7, 1996) (No. 96-139).

ACCEPTANCE OF RESPONSIBILITY

Flucas contends that he should have been granted a three-level downward adjustment for acceptance of responsibility because he pleaded guilty, entered an outpatient substance abuse program, and gave timely information, cooperation, and assistance to the Government.

Section 3E1.1 of the guidelines permits a two-level reduction for acceptance of responsibility. Commentary to the guidelines suggests that whether the defendant has voluntarily terminated or

withdrawn from criminal conduct or associations should be considered. U.S.S.G. § 3E1.1, comment. (n.1(b)). The defendant bears the burden of demonstrating that he is entitled to the reduction, and this court reviews the sentencing court's determination with even more deference than the pure "clearly erroneous" standard. United States v. Bermea, 30 F.3d 1539, 1577 (5th Cir. 1994), cert. denied, 115 S. Ct. 1113, 115 S. Ct. 1825 (1995); § 3E1.1, comment. (n.5) (stating that the determination of the sentencing judge is entitled to great deference). The entry of a guilty plea does not entitle a defendant to a reduction as a matter of right. See United States v. Shipley, 963 F.2d 56, 58 (5th Cir.), cert. denied, 506 U.S. 925 (1992).

The court's decision not to grant the reduction was based upon Flucas's drug use subsequent to his apprehension, his failure to report to Pretrial Services, and his failure to submit to counseling and testing after entering his plea. In United States v. Watkins, 911 F.2d 983, 985 (5th Cir. 1990), we held that the district court's denial of a reduction for acceptance of responsibility was not an abuse of discretion when the defendant used cocaine while on release pending sentencing. Watkins, 911 F.2d at 985.[1] Flucas argues that this case is distinguishable from

---

[1]The Sixth Circuit has criticized this holding. United States v. Morrison, 983 F.2d 730, 734-35 (6th Cir. 1993). Other circuits that have considered the issue have agreed with this circuit. United States v. O'Neil, 936 F.2d 599, 600-01 (1st Cir. 1991); United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994); United States v. McDonald, 22 F.3d 139, 142-43 (7th Cir 1994); United

Watkins because the defendant in Watkins used drugs while on release pending sentencing, in contrast to Flucas, who used drugs while on pretrial release before pleading guilty. His argument is flawed in two respects. First, Flucas's failure to submit to drug testing and counseling after entering his plea invites the inference that his drug use continued after he entered his plea, bringing this case squarely under Watkins. Furthermore, even if no such inference can be drawn, Flucas's argument is foreclosed by this Court's holding in United States v. Rickett, 89 F.3d 224 (5th Cir. 1996). In Rickett, the defendant admitted to using marijuana two days before entering his guilty plea while on pretrial release. Id. at 226. This Court, applying Watkins, determined that, under these circumstances, denial of acceptance of responsibility was not error. Id. at 227.

Flucas argues that his reason for violating conditions of his release did not show a lack of contrition but, instead, was a result of his drug addiction. There is no indication that the Watkins or Rickett Courts considered whether a court may deny a defendant the acceptance-of-responsibility reduction, if the sole reason for defendant's continued drug use is addiction.[2] The Second Circuit has in dicta indicated that drug addiction alone should not form the basis of the denial of acceptance of

States v. Byrd, 76 F.3d 194 (8th Cir. 1996).

[2]The Government never denied Flucas's assertion that he was a drug addict.

7

responsibility. <u>United States v. Woods</u>, 927 F.2d 735, 736 (2d Cir. 1991). The Seventh Circuit, which has also considered the issue, has determined that while one or two "dirty" tests from an addict might not prevent the acceptance of responsibility reduction, a court may refuse to give the reduction based on continuous drug use by an addict. <u>United States v. Dawson</u>, 52 F.3d 631, 633-34 (7th Cir. 1995) (finding that the district court did not err in refusing to give reduction when 2/3 of the urine tests were positive). The Seventh Circuit has also held that it was not error to deny the reduction to a professed addict who has failed even to show up for drug testing. <u>United States v. Kirkland</u>, 28 F.3d 49, 51 (7th Cir. 1994).

Because Flucas not only tested positive for drug use, but also failed to keep appointments with Pretrial Services and attend drug counseling, it was not clear error for the district court to deny downward adjustment for acceptance of responsibility.

MINOR PARTICIPANT

A district court may reduce a defendant's offense level by two levels if the defendant was a "minor participant" in the criminal activity, or by four levels if the defendant was a "minimal participant." <u>See</u> U.S.S.G. § 3B1.2. A downward adjustment under § 3B1.2 is generally appropriate only if a defendant is substantially less culpable than the average participant. <u>United States v. Brown</u>, 54 F.3d 234, 241 (5th Cir. 1995). A district court's finding on this sentencing factor is reviewed under the

8

clearly erroneous standard.  <u>Mitchell</u>, 31 F.3d at 278.

Flucas argues that he was merely a "mule," transporting drugs for the benefit of others.  However, Flucas's role was not minor, as he made trips between Homer and Dallas on a regular basis to transport drugs.  Furthermore, Flucas was not held accountable for the total amount of crack cocaine distributed by his co-conspirators but, instead, only for the amount of cocaine in his possession at the time of the arrest.

This case is analogous to <u>United States v. Lampkins</u>, 47 F.3d 175, 180 (5th Cir.), <u>cert.</u> <u>denied</u>, 115 S. Ct. 1440, 115 S. Ct. 1810 (1995).  In <u>Lampkins</u>, the district court based the defendant's sentence only on those acts in which the defendant was involved, despite the fact that the court could have based his sentence on the relevant conduct of his co-conspirators.  <u>Id.</u> at 180.  The court relied on § 3B1.2, comment (n.4), which provides that a defendant who is convicted of less than his actual criminal conduct is not also entitled to a minor participation reduction unless his conduct is on the minor end of the crime for which he actually was sentenced.  <u>Id.</u> at 181 n.3.  Although Flucas was originally charged with conspiracy and other drug trafficking offenses, he pleaded guilty only to possession of the amount of cocaine base found at the time of his arrest.  The district court used only this amount in calculating his sentence.

AFFIRMED.

9