**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————

No. 96-40507
(Summary Calendar)

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DONNELL WHITE,

Defendant-Appellant.

———————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CR-166-4

———————————————————————————

May 22, 1997

Before DAVIS, EMILIO M. GARZA, STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Donnell White argues that the district court clearly erred in enhancing his offense

level under U.S.S.G. § 2K2.1 (b)(5).

We have reviewed the record, the presentence report, and the briefs and find that the district

court did not clearly err in enhancing White's offense level by four levels for use of a firearm in

connection with another felony offense because White acquired the firearms as a result of conduct

———————————————————————————

   [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

which also constituted a felony offense of burglary under Texas law. See United States v. Guerrero, 5 F.3d 868, 871-72 (5th Cir. 1993).

White also failed to demonstrate that the district court plainly erred in imposing the enhancement in light of United States v. Bailey, 116 S. Ct. 501 (1995). Bailey defined the term "use" in 18 U.S.C. § 924© and did not define terms contained in the sentencing guidelines. See United States v. Flucas, 99 F.3d 177, 179 (5th Cir. 1996), petition for cert. filed, (U.S. Jan. 22, 1997) (No. 96-7679).

Counsel was also directed to brief whether the district court plainly erred in enhancing White's offense level under both § 2K2.1(b)(4) and § 2K2.1(b)(5). Counsel failed to do so. However, our review of the record reflects that, assuming error occurred, it was not clear or obvious error that "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings." United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994) (en banc).

AFFIRMED.