IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30064
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELY PASCAL VIL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-30024-1
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Dely Pascal Vil has appealed the district court's judgment sentencing him to pay $50,000 in restitution following his guilty-plea conviction for wire fraud.

Vil's wire fraud scheme involved the use of modified automatic tone dialers which enabled him and others to make long distance phone calls without paying a toll charge to South Central Bell. Vil asserts that he should be responsible to make restitution only for those phone calls made directly by him.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's determination that $50,000 in unpaid telephone charges was attributable to Vil is a factual finding subject to the clear error standard. See United States v. Flucas, 99 F.3d 177, 178 (5th Cir. 1996). A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole. United States v. Krenning, 93 F.3d 1257, 1269 (5th Cir. 1996).

As a basis for his plea agreement, Vil signed a factual resume stating that he had sold the devices to some students and that he had programmed devices purchased by others. The factual resume also stated that based on "the number of calls made and the devices attributable to [him] ..." the estimated loss to South Central Bell was between $50,000 and $150,000. When Vil sold and programmed the devices for other students, it was foreseeable that those other students would use the devices to make phone calls without paying for them. Therefore, Vil may properly be sentenced to make restitution for phone calls made by other students in this scheme. See U.S.S.G. § 1B1.3(a)(1)(B).

In light of the foregoing, the district court did not clearly err in sentencing Vil to make restitution to South Central Bell in the amount of $50,000. The judgment of the district court is AFFIRMED.