IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31136
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK CLEON ROGERS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-386-1
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Mark Cleon Rogers appeals from a guilty-plea conviction and sentence for possession with intent to distribute cocaine. 12 U.S.C. § 841 (a)(1). Rogers argues the district court erred by increasing his offense level by two for possession of a firearm. United States Sentencing Guideline (U.S.S.G.) § 2D1.1(b)(1).

We review the district court's decision to enhance a sentence under § 2D1.1(b)(1) only for clear error. <u>United States v. Garza</u>, 118 F.3d 278, 285 (5th Cir. 1997). The enhancement

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applies if the weapon was present, unless it is <u>clearly</u> <u>improbable</u> that the weapon was connected with the offense. § 2D1.1, comment. (n.3)(emphasis added). The Government satisfies its burden of proving a connection between the weapon and the offense by showing that the weapon was retrieved from the same location as the drugs or drug paraphernalia or where part of the transaction occurred. <u>United States v. Flucas</u>, 99 F.3d 177, 179 (5th Cir. 1996).

Rogers argues that because he did not place the firearm in his garage and because it was not registered in his name, the district court erred in enhancing his sentence. However, immediately after police officers discovered over fifty grams of cocaine in his residence, Rogers led the officers into his garage and turned over the firearm in plain view of a smaller amount of cocaine. The government established a nexus between the firearm, the cocaine possession, and Rogers. <u>See</u> <u>United States v.</u> <u>Mergerson</u>, 4 F. 3d 337, 350 (5th Cir. 1993).

AFFIRMED.