IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31266
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRICK SCOTT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CR-5-ALL-B
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Cedrick Scott appeals the sentence imposed following his guilty-plea conviction for possession of a firearm by a convicted felon, possession with intent to distribute cocaine base, and carrying a firearm during and in relation to a drug-trafficking offense. Scott argues that the district court erred in denying him a two-point reduction in his offense level for acceptance of responsibility. Although Scott pleaded guilty, in his interview with the probation officer, he denied that the gun and drugs belonged to him, did not accept responsibility for his actions,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and did not express any remorse.  Therefore, the district court did not err in denying him a reduction for acceptance of responsibility.  See United States v. Flucas, 99 F.3d 177, 180 (5th Cir. 1996); United States v. Vital, 68 F.3d 114, 121 (5th Cir. 1995).

Scott argues that 18 U.S.C. § 924(e), under which his sentence was enhanced based on his prior convictions, violates the Fifth and Sixth Amendments as construed in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Because he did not raise this issue in the district court, review is limited to plain error. See United States v. Dupre, 117 F.3d 810, 817 (5th Cir. 1997). Scott acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review.  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90. This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001)(internal quotation marks and citation omitted).

AFFIRMED.