United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41659
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MANUEL SANCHEZ-VASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-356-1
--------------------

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jesus Manuel Sanchez-Vasquez appeals his sentence following a guilty-plea conviction for possession with intent to distribute marijuana. Sanchez argues that the district court erred in increasing his base offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm and in determining that he was ineligible under the "safety-valve" provision in U.S.S.G. § 5C1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 2D1.1(b)(1) calls for a two-level increase in the offense level for a drug trafficking offense "[i]f a dangerous weapon (including a firearm) was possessed." "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). The Government meets its burden of proof under U.S.S.G. § 2D1.1 by "provid[ing] evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." United States v. Jacquinot, 258 F.3d 423, 430 (5th Cir. 2001), cert. denied, 534 U.S. 1116 (2002)(internal quotation marks and citation omitted).

The Government met its burden here by providing evidence, as set forth in the Presentence Report, that a loaded .9mm Beretta semi-automatic pistol was found on top of a cabinet approximately two or three feet away from the marijuana in a storage room for which Sanchez had the key. Although Sanchez contends he had no knowledge of the firearm, "[n]either the sentencing guidelines nor the case law requires that the Government prove a defendant had knowledge of a weapon's existence." United States v. Flucas, 99 F.3d 177, 179 (5th Cir. 1996). Furthermore, the district court implicitly rejected Sanchez's testimony by concluding that he constructively possessed the firearm. See id. We find that the district court did not clearly err in making such findings and credibility determinations.

Contrary to Sanchez's contentions, "despite any difference in semantics between § 2D1.1(b)(1) and § 5C1.2(2),** the two provisions should be analyzed analogously."  United States v. Vasquez, 161 F.3d 909, 910, 913 (5th Cir. 1998).  The district court's finding that Sanchez possessed a firearm for purposes of U.S.S.G. § 2D1.1(b)(1) also "disqualified [him] from being eligible for the 'safety valve' provision of U.S.S.G. § 5C1.2." Flucas, 99 F.3d at 178-79.  Because Sanchez has failed to show that the district court erred in imposing the U.S.S.G. § 2D1.1(b)(1) enhancement, he consequently has also failed to show that the district court erred in determining that he was ineligible under U.S.S.G. § 5C1.2.  See id.; Vasquez, 161 F.3d at 912-13.

Sanchez's reliance on United States v. Wilson, 105 F.3d 219 (5th Cir. 1997), is misplaced because, unlike Wilson, there was simply no evidence that another individual carried the firearm at issue.  Under the circumstances of this case, Vasquez instructs that the same analysis be used for interpreting U.S.S.G. § 5C1.2(a)(2) and U.S.S.G. § 2D1.1(b)(1).  See 161 F.3d at 911-12 & n.1.

Accordingly, the district court's judgment is AFFIRMED.

---

** Section 5C1.2(2) is found in the 2001 edition of the Guidelines, which was used in Sanchez's case, at U.S.S.G. § 5C1.2(a)(2).