**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 18, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41260
Summary Calendar

_____

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

                         versus

BENITO VEGA,

          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-618-ALL

_____

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Benito Vega appeals his sentence following his guilty-plea

conviction for possession of marijuana with intent to distribute in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Vega argues that

he should have received an offense level reduction under Section

3B1.2 of the United States Sentencing Guidelines because he was

substantially less culpable than the average participant in the

offense. For the following reasons, we AFFIRM the district court

---

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision.

Section 3B1.2 allows a court to reduce a defendant's sentence if he was either a minor or minimal participant in the criminal activity. The defendant bears the burden of proving that his role in the offense was minor or minimal,[1] and sentence reduction under this provision is "generally appropriate only if a defendant is substantially less culpable than the average participant."[2] We review the district court's findings on a defendant's role in an offense for clear error.[3]

Based on our review of the record, we conclude that the district court did not clearly err by refusing to reduce Vega's sentence. Although Vega argues that he is less culpable than the other participants in the drug trafficking scheme because he did not personally smuggle the marijuana across the river or drive the vehicle, there is ample evidence in the record that Vega's role in the drug trafficking affair was significant. Vega admits, for example, that he negotiated a fee of approximately $2,000 for the use of his vehicle to transport the marijuana and, thus, that he

[1]*United States v. Brown*, 7 F.3d 1155, 1160 n.2 (5th Cir. 1993).

[2] *United States v. Flucas*, 99 F.3d 177, 180-81 (5th Cir. 1996); *United States v. Franklin*, 148 F.3d 451, 461 n.44 (5th Cir. 1998).

[3]*United States v. Deavours*, 219 F.3d 400, 404 (5th Cir. 2000); *United States v. Giraldi*, 86 F.3d 1368, 1378 (5th Cir.1996) ("The standard of review for a reduction for role in the offense is the clearly erroneous standard.").

knew of and aided the scheme to import and distribute marijuana. Vega has not shown that the district court's denial of the reduction is clearly erroneous. In addition, there is no support in the record for Vega's claim that the district court denied him the reduction simply because no other member of the conspiracy was prosecuted or because he was a courier.

Vega also contends that 21 U.S.C. § 841 is unconstitutional in view of *Apprendi v. New Jersey*.[4] Vega acknowledges, however, that his argument is foreclosed by our decision in *United States v. Slaughter*,[5] and he seeks merely to preserve the argument for further review.

The judgment of the district court is AFFIRMED.

---

[4] 530 U.S. 466 (2000).

[5] 238 F.3d 580, 582 (5th Cir. 2000).