United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-51117
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO MARTINEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-03-CR-29-1-AML
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Armando Martinez appeals his sentence following a guilty-plea conviction for distribution of cocaine.  Martinez argues that the district court erred in finding that he possessed a firearm during the commission of the offense and, as a result, in imposing a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) and denying a safety-valve adjustment pursuant to U.S.S.G. § 5C1.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 2D1.1(b)(1) calls for a two-level increase in the offense level for a drug trafficking offense "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Because the confidential informant saw, on at least one occasion, Martinez wearing a weapon during the offense and a weapon was found in the same location where a number of offenses occurred, we find that the district court did not clearly err in finding that Martinez possessed a firearm during the commission of the offense. See United States v. Jacquinot, 258 F.3d 423, 430 (5th Cir. 2001).

Additionally, the district court's finding that Martinez possessed a firearm for purposes of U.S.S.G. § 2D1.1(b)(1) also "disqualified [him] from being eligible for the 'safety valve' provision of U.S.S.G. § 5C1.2." United States v. Flucas, 99 F.3d 177, 178-79 (5th Cir. 1996). Because Martinez has failed to show that the district court erred in imposing the U.S.S.G. § 2D1.1(b)(1) enhancement, he consequently has also failed to show that the district court erred in determining that he was ineligible under U.S.S.G. § 5C1.2. See id.; Vasquez, 161 F.3d 909, 912-13 (5th Cir. 1998).

Accordingly, the district court's judgment is AFFIRMED.