United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10437
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

MOISES LOPEZ, also known as Moy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-30-2
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

Moises Lopez appeals the sentence imposed following his guilty
plea conviction of possession with intent to distribute pure
methamphetamine in violation of 21 U.S.C. § 841(a)(1) and
(b)(1)(A).

Lopez argues that the district court erred by increasing his
sentence based on facts not alleged in the indictment or found by
the jury, in contravention of United States v. Booker, 543 U.S. 220
(2005), and in violation of his Sixth Amendment rights. This
argument lacks merit. By rendering the Sentencing Guidelines

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advisory only, <u>Booker</u> eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding all facts relevant to sentencing. <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005); <u>United States v. Alonzo</u>, 435 F.3d 551, 552-54 (5th Cir. 2006).

Lopez argues that the district court erred when it denied him an acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1. The record shows that the district court's ruling, based on Lopez's denial of relevant conduct and his attempt to minimize his involvement in the offense, is not without foundation. <u>See</u> <u>United States v. Brace</u>, 145 F.3d 247, 264 (5th Cir. 1998) (en banc). The district court therefore did not reversibly err when it denied Lopez an acceptance of responsibility adjustment. <u>See</u> <u>United States v. Flucas</u>, 99 F.3d 177, 180 (5th Cir. 1996).

Lopez argues that the district court erred in denying him a "safety valve" reduction pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The district court, relying on information contained in the presentence investigation report (PSR), found that Lopez had a leadership role in the offense. Lopez has not rebutted the presumed reliability of the information contained in the PSR. As a leader of the offense, Lopez was ineligible for the safety valve reduction. <u>See</u> § 3553(f)(4); § 5C1.2(a)(4). Lopez has not shown that the district court clearly erred in denying the safety valve reduction. <u>See</u> <u>United States v. Treft</u>, 447 F.3d 421, 426 (5th Cir.), <u>cert. denied</u>, 127 S. Ct. 555 (2006.

2

Finally, Lopez argues that his sentence at the bottom of the applicable advisory sentencing guideline range is unreasonable under § 3553(a) because it was greater than necessary to achieve the goals of sentencing.  The record shows that the district court considered the sentencing factors set forth at § 3553(a).  Lopez's disagreement with the Sentencing Commission's assessment of the seriousness of his offense does not establish that his sentence was unreasonable.  See Alonzo, 435 F.3d at 554.

AFFIRMED.