IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-40599
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRYAN KEITH BROOKS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CR-14-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Bryan Keith Brooks appeals his 24-month non-Guidelines sentence, imposed following his guilty-plea conviction for making a materially false claim, in violation of 18 U.S.C. § 287. He presents two issues.

First, Brooks contends the district court improperly denied him a reduction in his offense level for acceptance of responsibility, pursuant to Guideline § 3E1.1, because of his criminal history and the court's desire to impose a sentence above the applicable advisory guidelines range. Brooks was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not entitled to a reduction in his offense level for acceptance of responsibility merely because he entered a guilty plea.  See § 3E1.1, cmt. n.3.

The district court adopted the presentence investigation report and its addendum, which recommended the adjustment denial on the basis of Brooks' conduct while under pretrial services supervision.  The record reflects the denial of the adjustment was not without foundation.  See United States v. Flucas, 99 F.3d 177, 180 (5th Cir. 1996); see also United States v. Hooten, 942 F.2d 878, 882-83 (5th Cir. 1991).

For his other issue, Brooks maintains his non-Guidelines sentence was unreasonable because:  it is not supported by the factors in 18 U.S.C. § 3553(a); and the district court gave significant weight to improper factors, including his employment history and alleged insensitivity to others' needs.  He also contends the district court did not consider the unwarranted disparity in sentencing between Brooks and similarly situated defendants.

The district court gave extensive, detailed reasons for its decision to impose a 24-month non-Guidelines sentence, including such § 3553(a) factors as Brooks' personal history and characteristics; his commission of the instant offense nine days after being released from prison; the likelihood of recidivism; the need for deterrence; and the need to protect the public.  In view of the totality of the circumstances, Brooks has not shown his sentence is unreasonable.  See Gall v. United States, 128 S. Ct. 586, 597, 602 (2007).

AFFIRMED.