IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-10820
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REBECCA JACKSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-3-4

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rebecca Jackson appeals her 360-month sentence following her guilty plea conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. Jackson's sole argument on appeal is that the district court erred in applying a two-level enhancement, pursuant to § 2D1.1(b)(1), for possession of firearms in connection with the offense. Jackson argues that the Government failed to prove by a preponderance of the evidence that the weapons were connected with her drug dealing activity and contends that there was no

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

showing that she either knew of the presence of the firearms or intended to possess the firearms.

This court reviews the decision by the district court to enhance under § 2D1.1(b)(1) for clear error. United States v. Castillo, 77 F.3d 1480, 1498 (5th Cir. 1996); United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993). A finding is clearly erroneous only if, based on its review of the record, this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Cooper, 274 F.3d 230, 238 (5th Cir. 2001) (internal quotation marks and citation omitted).

The Government must establish by a preponderance of the evidence that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant. Eastland, 989 F.2d at 770; United States v. Hooten, 942 F.2d 878, 882 (5th Cir. 1991). To satisfy this standard, "the Government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." Eastland, 989 F.2d at 770 (internal quotation marks and citation omitted); see also United States v. Jacquinot, 258 F.3d 424, 430 (5th Cir. 2001). This court has previously noted that "neither the sentencing guidelines nor the case law requires that the Government prove a defendant had knowledge of a weapon's existence." United States v. Flucas, 99 F.3d 177, 179 (5th Cir. 1996). Rather, "the adjustment must be made when a weapon is found at the scene of a crime unless there is a clear improbability that the weapon is connected to the offense." Flucas, 99 F.3d at 179 (citations omitted) (emphasis supplied); see § 2D1.1, comment. (n.3).

The evidence presented to the district court demonstrated that the guns were found in the house over which Jackson had control and in which she engaged in drug related activities, including the offense conduct. The district court was not persuaded by the testimony at sentencing that the weapons were not connected with the offense and concluded that it was not "clearly

improbable" that the weapons were connected to the offense. Based on the record and the district court's credibility findings, the district court's application of the enhancement was not clearly erroneous. Accordingly, the judgment of the district court is AFFIRMED.