# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 06-51313
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS ROBLES MARTINEZ

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-48-ALL

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Carlos Robles Martinez appeals the 144-month sentence imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine, three counts of possession with intent to distribute methamphetamine, and one count of possession of a firearm or ammunition by a felon. He contends that his sentence was wrongly increased for his possession of a firearm found in a vehicle parked at his home. At his rearraignment,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez refused to admit possession of a firearm, and his guilty plea was based only on his admitted possession of ammunition found in his home.

Martinez's refusal to admit possession of the firearm does not determine whether the offense level increase was proper. Weapon possession can be used as an enhancement even if the possession "does not warrant prosecution as an independent firearm offense." United States v. Villarreal, 920 F.2d 1218, 1221 (5th Cir.1991). Further, the sentencing court was entitled to find by a preponderance of evidence all the facts necessary to determine the sentence. See United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006).

The Government has shown the presence of a firearm, and Martinez has not shown that it is clearly improbable that the gun was connected to the offense. See U.S.S.G. § 2D1.1, comment. (n.3); United States v. Flucas, 99 F.3d 177, 179 (5th Cir. 1996). In light of the admitted factual basis supporting the plea, the unrebutted presentence report, and reasonable inferences therefrom, the district court's factual finding that Martinez possessed a weapon in connection with his drug-trafficking crimes is plausible and thus not clearly erroneous. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006); see also Villarreal, 920 F.2d at 1221-22.

The district court's judgment is AFFIRMED.