# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2010

Lyle W. Cayce
Clerk

No. 09-11065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL ARIZPE-RIOS, also known as Angel Rios-Fuentes, also known as Angel Rios-Fuente,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-48-2

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Arizpe-Rios pleaded guilty to one count of possession with intent to distribute more than 500 grams of a mixture containing cocaine and was sentenced to 84 months in prison to be followed by 5 years of supervised release. Arizpe-Rios challenges this sentence on appeal. He argues that the district court erred by denying a reduction for acceptance of responsibility based on his denial of previous involvement in drug trafficking.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant may receive a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1 if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). A reduction for acceptance of responsibility requires, inter alia, "a showing of sincere contrition on the defendant's behalf." *United States v. Medina-Anicacio,* 325 F.3d 638, 648 (5th Cir. 2003) (internal quotation marks and citation omitted). In evaluating a defendant's sincerity, a sentencing court "may consider a defendant's refusal to elaborate on the circumstances surrounding his offense to the probation officer." *Id.* The defendant bears the burden of demonstrating that the reduction is warranted. *United States v. Flucas,* 99 F.3d 177, 180 (5th Cir. 1996). This court "will affirm a sentencing court's decision not to award a reduction . . . unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte,* 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

The district court did not err in denying credit for acceptance of responsibility because the finding that Arizpe-Rios had lied regarding his prior involvement with drug trafficking activity was not without foundation. Arizpe-Rios admitted that his family in Mexico was the source of the approximately three kilograms of cocaine, that he was to negotiate a price for the cocaine, and that he paid $24,000 per kilogram for the cocaine. These facts are not consistent with his statement that this drug offense was his first. Given the deference owed to a district court's findings on acceptance of responsibility, Arizpe-Rios has not shown that the denial of the reduction was without foundation. *See Juarez-Duarte,* 513 F.3d at 211.

AFFIRMED.