**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

Lyle W. Cayce
Clerk

No. 10-10861
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JULIAN OROZCO-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-50-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Julian Orozco-Lopez appeals the 324-month term of imprisonment imposed following his guilty plea conviction of conspiring to possess with the intent to distribute methamphetamine. He contends that the district court erred in determining that he was not entitled to the application of U.S.S.G. § 2D1.1(b)(11), which mandates a two-level reduction in the offense level of a defendant who qualifies to be sentenced under the safety-valve provision in § 5C1.2 and 18 U.S.C. § 3553(f).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court determined that Orozco-Lopez did not meet his burden of establishing his eligibility for the safety-valve reduction because he failed to show that he did not possess a firearm in connection with the offense and failed to show that he truthfully provided the Government with all of the information and evidence he had concerning the offense. *See* § 3553(f)(2) & (5); *United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). We review a district court's finding that a defendant is ineligible to be sentenced under the safety valve for clear error. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). A finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996).

According to the presentence report and testimony elicited at sentencing, a gun was discovered in an apartment where Orozco-Lopez and his co-defendants prepared, stored, and sold methamphetamine. Orozco-Lopez had a key and free access to that apartment, methamphetamine was stored throughout the apartment, a large amount of cash was found in the same room as the firearm, and the firearm was stored in an easily accessible drawer along with a digital scale commonly used for drug trafficking. Based on those facts, the district court could plausibly infer that Orozco-Lopez, who was at the apartment to distribute methamphetamine, had knowledge of, and access to, the weapon. Orozco-Lopez presented nothing to link the gun to another individual or to establish that he was unaware of its existence. He has not shown that the district court clearly erred in determining that he had joint constructive possession of a firearm in connection with his offense. *See United States v. Matias*, 465 F.3d 169, 172-74 (5th Cir. 2006); *United States v. Flucas*, 99 F.3d 177, 178-79 (5th Cir. 1996); *United States v. Mergerson*, 4 F.3d 337, 348-49 (5th Cir. 1993).

Orozco-Lopez also has not shown that the district court erred in determining that he failed to truthfully provide all relevant information about his offense to the Government. He identified the individual who supplied him

No. 10-10861

with methamphetamine, but did not provide information that was not specifically requested. Orozco-Lopez denied knowing much about his supplier, ever speaking to him on the phone, or having any significant contact with him. The district court's determination that Orozco-Lopez was withholding information about his supplier was plausible in light of the evidence that Orozco-Lopez had an extended "drug relationship" with his supplier, who also was his uncle. *See McCrimmon*, 443 F.3d at 457-58. Orozco-Lopez did not come forward with any evidence that would support a conclusion that the district court's determination was incorrect.

As Orozco-Lopez failed to establish his eligibility to be sentenced under the safety valve provision, the district court did not err in denying him a reduction in his offense level under § 2D1.1(b)(11).

**AFFIRMED.**