# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2013

Lyle W. Cayce
Clerk

No. 12-10518
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DESHON DEVETTE HAYNES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-202-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Deshon Devette Haynes appeals her 72-month sentence imposed following her guilty plea conviction for mail fraud and aggravated identity theft. Haynes argues that the district court erred in denying a reduction of her offense level for the acceptance of responsibility based on her preindictment conduct. She asserts that such conduct did not call into question the sincerity of her remorse, timely guilty plea, and truthful admission of her offense and relevant conduct. Contending that the denial of the reduction was a significant procedural error

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resulting in the miscalculation of the guidelines range, Haynes asserts that the Government failed to show that the error was harmless.

A district court's denial of a reduction for the acceptance of responsibility is reviewed with great deference and will not be disturbed unless there is no foundation for the determination. *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003). Although the timely entry of a guilty plea and admission of the offense conduct are significant evidence supporting a reduction, the district court was entitled to weigh whether Haynes had voluntarily terminated her criminal conduct. *See United States v. Flucas,* 99 F.3d 177, 180 (5th Cir. 1996).

Haynes has not denied that she engaged in criminal conduct after evidence of the offenses was seized from her residence and after learning that she was under investigation for fraudulently obtaining unemployment insurance benefits. Based on that undisputed evidence, the district court's decision to deny Haynes a reduction of her offense level for acceptance of responsibility was not without foundation and was not clearly erroneous. *See Washington*, 340 F.3d at 227. Haynes's sentence is AFFIRMED.