# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 5, 2013

Lyle W. Cayce
Clerk

No. 13-10016
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIONEL JUBENAL VILLICANA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-158-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lionel Jubenal Villicana pleaded guilty to possession with intent to distribute a controlled substance. The district court departed downward in sentencing him to a 156-month term of imprisonment, which was 84 months below the guidelines range. Villicana was ordered to serve a three-year period of supervised release and to pay a $25,000 fine.

In this appeal, Villicana contends generally that the sentence was imposed improperly and was unreasonably excessive "in light of all relevant facts and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considerations in the sentencing scheme." He asserts that the presentence report overstated his role in the offense and attributed to him, as relevant conduct, criminal activities in which he was not involved. He contends also that the district court erred in refusing to grant him an adjustment for acceptance of responsibility and that the sentence is substantively unreasonable.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). The district court's interpretation or application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *Id.* at 472. "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010) (internal quotation marks and citation omitted).

Villicana invokes *Blakely v. Washington*, 542 U.S. 296 (2004), in support of the proposition that the district court erred by calculating his sentence on the basis of facts that were not admitted by him. Villicana was not sentenced under a mandatory guidelines system. In the absence of mandatory use of the Guidelines, the Sixth Amendment does not preclude the sentencing judge from finding all facts relevant to sentencing. *See United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009); *see also United States v. Mares*, 402 F.3d 511, 518 (5th Cir. 2005). Under the advisory sentencing regime, a district court is free to find all facts relevant to sentencing by a preponderance of the evidence. *Whitfield*, 590 F.3d at 367. We reject Villicana's suggestion that this is a case in which a more rigorous standard should be applied. *See United States v. Brooks*, 681 F.3d 678, 712-13 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 836, *and cert. denied*, 133 S. Ct. 837, *and cert. denied*, 133 S. Ct. 839 (2013).

"[A] district court may adopt the facts contained in a [presentence report] without further inquiry if those facts have an adequate evidentiary basis with

sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the [presentence report] is unreliable." *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002); *see also United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010) ("The defendant bears the burden of presenting rebuttal evidence to demonstrate that the information in the [presentence report] is inaccurate or materially untrue.").

The probation officer determined that Villicana was an organizer or leader of criminal activity that involved five or more participants, a finding that resulted in a four-level increase in Villicana's offense level. *See* U.S.S.G. § 3B1.1(a). In determining a defendant's role in the offense, "a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error." *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). "There are two parts to the § 3B1.1(a) enhancement: the defendant's conduct and the number of participants." *United States v. Curtis*, 635 F.3d 704, 720 n.57 (5th Cir. 2011). Villicana does not dispute that there were five or more participants in his drug organization. Instead, based on the testimony of the case agent at the sentencing hearing, he contends that the adjusted offense level overstated his role in the offense.

Villicana's role in arranging the transportation of marijuana from the border to areas inland and of recruiting drivers and directing their activities are consistent with the role of an organizer or leader of a drug conspiracy. *See* § 3B1.1, comment. (n.4); *United States v. Cantu-Ramirez*, 669 F.3d 619, 629-30 (5th Cir.), *cert. denied*, 132 S. Ct. 2759, *and cert. denied*, 133 S. Ct. 247 (2012). The specific findings in the presentence report are replete with instances in which Villicana engaged in such activities. The probation officer's findings were unrebutted by Villicana and were not directly contradicted by the case agent's testimony. *See Cabrera*, 288 F.3d 173. Villicana has not shown that the district court clearly erred in finding that he was an organizer or leader of the drug conspiracy. *See Caldwell*, 448 F.3d at 290.

Villicana asserts that the presentence report attributed to him, as relevant conduct, criminal activities in which he was not involved. He complains that he was held responsible for the criminal activities of other participants in the drug conspiracy and criminal conduct that occurred when he was out of the country; that his criminal activities involved transportation of marijuana only, and that he was improperly held responsible for trafficking in cocaine and methamphetamine; that he was held responsible for criminal activities that were not reasonably foreseeable to him; and that the district court's findings with respect to foreseeability were inadequate. This court reviews the district court's fact findings on relevant conduct and drug quantity for clear error. *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (relevant conduct); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (drug quantity).

Villicana did not present rebuttal evidence showing that the evidence underlying the probation officer's findings was unreliable, inaccurate, or materially untrue. *See Scher*, 601 F.3d at 413; *Cabrera*, 288 F.3d at 173. The presentence report linked Villicana to 17 transactions, which involved the same course of conduct and a common scheme or plan. They had common accomplices, a common purpose, a similar modus operandi, and they were related to each other as part of an ongoing series of offenses. *See* U.S.S.G. § 1B1.3, comment. (n.9(A) & (B)); *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009); *United States v. Bethley*, 973 F.2d 396, 401 (5th Cir. 1992). Because Villicana did not present rebuttal evidence, the district court did not err in failing to make detailed findings. *See United States v. Reasor*, 541 F.3d 366, 369 (5th Cir. 2008) ("If no relevant affidavits or other evidence is submitted to rebut the information contained in the [presentence report], the court is free to adopt its findings without further inquiry or explanation."). The district court did not clearly err in its relevant conduct determination. *See Ekanem*, 555 F.3d at 175; *Betancourt*, 422 F.3d at 246.

Villicana contends that the district court erred in refusing to award him an adjustment for acceptance of responsibility because he frivolously objected to the probation officer's relevant-conduct determination. The defendant must establish that the reduction for acceptance of responsibility is warranted. *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996). Although a defendant who pleads guilty prior to trial and truthfully admits relevant conduct may qualify for the reduction, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.3). In determining whether a defendant is entitled to credit for acceptance of responsibility, the court should consider whether the defendant was "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable." § 3E1.1, comment. (n.1(A)). Therefore, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *Id.* This court "will affirm a sentencing court's decision not to award a reduction. . . unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

Villicana's arguments go primarily to the extent of his cooperation and his truthful admission of the conduct to which he pleaded guilty. As to the frivolity of his objection to the relevant-conduct determination, Villicana contends that he did not object to the facts underlying that determination but only "the legal interpretation of those facts and the use of unreliable information to increase his sentence." This contention is without merit.

By contesting the reliability of the information underlying the relevant-conduct determination, Villicana contested its factual basis. It was only necessary to show that Villicana participated in the transportation of 10,000

kilograms of marijuana for the adjusted base offense level 36 to apply to his offense. *See* U.S.S.G. § 2D1.1(c)(2). The unrebutted findings in the presentence report reflect that Villicana trafficked in twice that amount. Villicana has not shown that the district court's relevant-conduct determination was "without foundation." *See Juarez-Duarte*, 513 F.3d at 211.

Villicana contends that the sentence was substantively unreasonable. A within-guidelines sentence is entitled to a rebuttable presumption of reasonableness, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), and this court has applied the presumption of reasonableness to below-guidelines sentences as well. "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* Villicana has not made such a showing. The district court's judgment is AFFIRMED.