# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10419
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WESSON BERNARD OSBORNE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CR-64-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Wesson Bernard Osborne was convicted of possession of a firearm and ammunition by a convicted felon and aiding and abetting. He was sentenced to 78 months of imprisonment and a three-year term of supervised release. The sole issue he raises on appeal is whether the district court erred by denying him an offense level reduction for acceptance of responsibility because he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incompetent and suffering from hallucinations and seizures when he violated the terms of his pretrial release.

We will affirm the district court's decision to deny a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 "unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted). We have consistently upheld a sentencing court's refusal to credit a defendant with an acceptance of responsibility reduction based on a positive test for drug use. *See United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996); *United States v. Rickett*, 89 F.3d 224, 227 (5th Cir. 1996).

Osborne has not shown that the district court's decision was without foundation. He first admitted to using marijuana on the day he was placed on pretrial release, several weeks before he was deemed competent to plead guilty. Osborne was subsequently arrested for assault, tested positive for both methamphetamine and marijuana, and admitted to using marijuana yet again. These undisputed violations occurred before Osborne's counsel first raised the question of his competency. Osborne's history of seizures began in 2011, well before he violated the terms of his pretrial release, and medical records link the seizures to his drug use. *Cf. Flucas*, 99 F.3d at 180 (rejecting the defendant's argument that the district court erred by denying a reduction for acceptance of responsibility because his use of drugs "did not show a lack of contrition but, instead, was a result of his drug addiction").

Given the undisputed facts in the record and the deference afforded to the district court's determination, *see Juarez-Duarte*, 513 F.3d at 211, the judgment of the district court is AFFIRMED.