# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 05-51694
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DOMINGO DIAZ-RESENDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-100-1

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Domingo Diaz-Resendez was convicted of conspiracy to smuggle illegal aliens, harboring illegal aliens, conspiracy to engage in money laundering, and aiding and abetting. On appeal, he argues that this Court's application of a presumption of reasonableness to sentences that are within the applicable United States Sentencing Guidelines range is inconsistent with United States v. Booker, 543 U.S. 220 (2005). After urging us to reject the presumption, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that his sentence was unreasonable and that the district court did not give sufficient reasons when denying his request for a variance from the Guidelines range. Next, Diaz-Resendez argues that he was improperly denied an acceptance-of-responsibility-based reduction in his offense level. Finally, Diaz-Resendez contends that the district court erred by enhancing his sentence because he recklessly endangered the aliens he was smuggling into this country. We find no merit to these arguments and affirm.

Diaz-Resendez pled guilty to three charges. The district court sentenced him to 96 months of imprisonment on each count, to run concurrently, and three years of supervised release.

Diaz-Resendez acknowledges our prior holding "that a sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). We do not analyze his arguments that the 2005 Booker decision undermines such a presumption because in 2007 the Supreme Court approved a circuit court's application of a presumption of reasonableness to a sentence that is within the Guidelines' range. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); see also Gall v. United States, 128 S. Ct. 586, 597 (2007). Diaz-Resendez's sentence, which was within the calculated range of the Guidelines, presumably was reasonable.

Diaz-Resendez seeks to rebut the presumption by reliance on this set of facts: that Diaz-Resendez provided food to the people he transported, that he did not have any weapons, that he did not resist arrest, that he grew up in a poor family in Mexico, that he only received a fifth-grade education and started working at a young age to help support his family, and that numerous letters were written to the district court on his behalf.

The record reveals that the district court considered all of these circumstances. In addition, the district court stated at the sentencing hearing that it considers smuggling, transporting, and harboring aliens to be one of the most serious crimes that comes before the court. The district court found that

Diaz-Resendez was involved in a large-scale alien smuggling operation, and that it was very lucrative as shown by the fact that $188,451.80 had been forfeited. The court concluded that "the guidelines do render an adequately tailored sentence" considering the crime at issue and Diaz-Resendez's specific level of involvement. Under these circumstances, Diaz-Resendez has not shown that the sentence was unreasonable. See United States v. Nikonova, 480 F.3d 371, 376 (5th Cir. 2007), cert. denied, 128 S. Ct. 163 (2007). To the extent that Diaz-Resendez alleges that the district court was required to be more descriptive about its evaluation of the factors favorable to him, we find greater detail not to be required. See Rita, 127 S. Ct. at 2469.

Diaz-Resendez argues that the district court erred in refusing to grant him an offense-level reduction for acceptance of responsibility. The court denied the reduction because the defendant asked his girlfriend to smuggle cocaine into the prison during his pre-plea incarceration. We reject Diaz-Resendez's argument that his conduct should not be considered because it occurred before he pleaded guilty. See United States v. Flucas, 99 F.3d 177, 180 (5th Cir. 1996). Diaz-Resendez's efforts to have cocaine smuggled into prison were inconsistent with acceptance of responsibility and revealed that he had not voluntarily withdrawn from criminal conduct. See U.S.S.G. § 3E1.1, Application Note 1(b); Flucas, 99 F.3d at 179-80. The district court did not err in failing to reduce the offense level due to Diaz-Resendez's alleged acceptance of responsibility. See U.S.S.G. § 3E1.1, Application Note 3.

Diaz-Resendez argues that the district court erred in enhancing his sentence due to reckless endangerment. See U.S.S.G. § 2L1.1(b)(5). The district court concluded that transporting "15 people in the bed of a pickup truck without seatbelts or other restraints under a canvas" warranted the enhancement. We agree. See U.S.S.G. § 2L1.1(b)(5), Application Note 6 (2005) (listing these examples of conduct warranting the enhancement: "transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more

passengers than the rated capacity of a motor vehicle or vessel, or harboring persons in a crowded, dangerous, or inhumane condition"); *United States v. Angeles-Mendoza*, 407 F.3d 742, 751 (5th Cir. 2005) (upholding enhancement where as many as ten people placed in bed of truck under tarp or heavy rubber cover); *United States v. Cuyler*, 298 F.3d 387, 390-91 (5th Cir. 2002) (enhancement proper when four people lying down in truck bed).

We reject all of Diaz-Resendez's challenges to his sentence. The judgment of the district court is AFFIRMED.