# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

Charles R. Fulbruge III
Clerk

No. 09-10296
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOHAMMED FAYYAZ HAYAT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:08-CR-8-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mohammed Fayyaz Hayat appeals the 37-month concurrent sentences imposed following his guilty plea conviction for two counts of making a false statement to a bank and aiding and abetting and four counts of wire fraud and aiding and abetting. Hayat raises five challenges to his sentence, three of which are barred by the plain language of the knowing and voluntary appeal waiver in his written plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Accordingly, we consider only his claims regarding the calculation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the loss amount used to determine his offense level and the denial of a two-level reduction in offense level for acceptance of responsibility.

*Loss Amount*

"Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline sentencing range for use in deciding on the sentence to impose." *United States v. Goss*, 549 F.3d 1013, 1016 (5th Cir. 2008). A challenge to the court's method of determining the loss amount is a challenge to the court's application of the Guidelines, which is an issue that we review de novo. *Id.* The district court's finding of the amount of loss is a factual finding that we review for clear error. *Id.*

Hayat contends that the district court erred in determining that he was responsible for a loss amount of $546,033.87 and increasing his offense level by 14 levels on this basis. United States Sentencing Guidelines Section 2B1.1 provides that, for a loss amount greater than $400,000, the defendant's offense level should be increased by 14 levels. § 2B1.1(b)(1)(H). "In a case involving collateral pledged or otherwise provided by the defendant, [loss shall be reduced by] the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing." *Id.* at comment. (n.3(E)(ii)).

Hayat first challenges the district court's methodology for calculating loss and argues that the district court should have reduced the loss amount by the face value of the loan. However, Hayat's contention is refuted by the plain language of § 2B1.1 comment. n.3(E)(ii), which the district court correctly applied by reducing the loss amount by the amount the victim recovered from the sale of the collateral pledged to support the loan.

Hayat next challenges the district court's factual findings regarding the loss amount. Hayat argues that district court should have reduced the loss amount by the portion of loss that is attributable to the economic recession, the collapse of the housing market, and victim negligence. The district court was entitled to rely on the findings of the presentence report (PSR) regarding the cause and extent of loss because Hayat failed to present competent rebuttal evidence or otherwise demonstrate that the loss calculations were materially unreliable. *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009).

Hayat also argues that the district court should have reduced the loss amount by the additional loan payments that he contended he made. At the sentencing hearing, the parties presented conflicting evidence regarding the principal balances of the loans at issue. The district court's determination that the loss amount calculated in the PSR reflected the current principal balances was "plausible in light of the record as a whole." *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007).

Hayat also argues that the excess proceeds recovered by the primary mortgage holder from the sale of collateral should have offset the secondary mortgage holder's loss amount. Hayat raises this specific argument for the first time on appeal, and, therefore, we review his claim for plain error. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). Even if the loss amount was reduced by the amount Hayat urges, he has not shown "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005). Hayat has, therefore, failed to show that his substantial rights were affected and failed to demonstrate plain error with respect to this issue. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

*Acceptance of Responsibility*

A defendant may receive a two-level reduction in offense level pursuant to § 3E1.1 if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). The defendant bears the burden of demonstrating that the reduction is warranted. *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996). We "will affirm a sentencing court's decision not to award a reduction . . . unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F .3d 204, 211 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 128 S. Ct. 2452 (2008).

Hayat contends that there was insufficient evidence that he committed bankruptcy fraud while on supervised release, and, therefore, the district court erred in denying him the two-level reduction for acceptance of responsibility. The district court determined that Hayat failed to list a lease agreement that he signed on a bankruptcy schedule requiring the disclosure of all unexpired leases of real or personal property. It is a felony to knowingly and fraudulently make a false oath or account in connection with a bankruptcy proceeding. 18 U.S.C. § 152(2). The parties offered conflicting evidence regarding whether the lease was terminated before Hayat executed the bankruptcy schedule. The district court's implicit determination that the lease was still in effect when Hayat executed the bankruptcy schedule was not "without foundation." *Juarez-Duarte*, 513 F.3d at 211. Nor did the district court err in determining that this conduct provided sufficient grounds for denying the reduction. *See* § 3E1.1, comment. (n.1(b)), (n.3).

For the foregoing reasons, the judgment of the district court is AFFIRMED. The motions for bond pending appeal and to withdraw the motion for bond pending appeal are DENIED AS MOOT.